1  Laura A. Wytsma (Cal. Bar No. 189527)
   lwytsma@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
3  Los Angeles, California  90067
   Telephone:  (310) 282-2000
4  Facsimile:   (310) 282-2200
5
6  Attorneys for Defendant
   LivingSocial, Inc.
7
                UNITED STATES DISTRICT COURT
8
                CENTRAL DISTRICT OF CALIFORNIA
9
10

11 | MOPHIE, INC., a California corporation, | Case No. 8:13-cv-01321-DMG-(JEMx)
12 | | The Honorable Dolly M. Gee
13 | Plaintiff, | **DECLARATION OF LAURA A. WYTSMA IN SUPPORT OF EX PARTE APPLICATION TO AMEND SCHEDULING ORDER TO REQUIRE COMPLETION OF FACT DISCOVERY BY JULY 25, 2014**
14 | v. |
15 | DHARMESH SHAH A.K.A. DAVID SHAH/D/B/A SOURCE VISTA, an individual, and LIVINGSOCIAL, INC., a Delaware corporation, |
16 | |
17 | |
18 | Defendants. | Date:  Not applicable
   | | Time:  Not applicable
19 | | Ctrm:  7 (Spring Street)

20
21
22
23
24
25
26
27
28

I, Laura A. Wytsma, declare as follows:

1. I am an attorney at law licensed to practice before all of the courts of the State of California and before this Court. I am a partner with the law firm of Loeb & Loeb LLP, counsel of record for LivingSocial, Inc. in this action. Except as otherwise indicated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Mophie sued LivingSocial on August 26, 2013. It filed amended complaints on October 22, 2013, March 25, 2014 and June 6, 2014, adding new theories and claims.

3. On February 6, 2014, the district court entered a scheduling order, setting a July 8, 2014 deadline for fact discovery. Attached as **Exhibit 1** is a true and correct copy of the Civil Docket in this case.

4. mophie waited until June 3, 2014, to serve written discovery on defendants. That same day, mophie noticed depositions of defendants' witnesses for the week of July 7. Defendants also noticed depositions of mophie witnesses for the week of July 7. Attached as **Exhibit 2** are true and correct copies of the Notices of Deposition of Mophie, Inc., Daniel Huang, and Shawn Dougherty.

5. On June 25, 2014, LivingSocial confirmed the availability of four deponents, including a former employee, for the week of July 7. On June 27, 2014, Dr. Adli confirmed the availability of the depositions of David Shah, Serve Global, and two third-party witnesses the week of July 7. **These depositions have all been completed.** Mophie, however, refused to make its witnesses available the week of July 7, when noticed by defense counsel.

6. On June 27, 2014, the district court granted mophie's unopposed motion to file a third amended complaint. LivingSocial did not oppose the requested amendment, as mophie did not seek modification of the scheduling order in its motion. If mophie had requested such relief, LivingSocial would have opposed it. As LivingSocial noted in its response to the unopposed motion: "The

1   DECLARATION OF LAURA A. WYTSMA
IN SUPPORT OF EX PARTE APPLICATION

1  only effective way to ensure that LivingSocial is able to resolve the meritless claims
2  against it quickly and at minimal expense—whether through settlement or
3  dispositive motion—is to enforce the existing scheduling and case management
4  order."

5      7.    Only after defendants stipulated to the untimely amendment did
6  mophie ask the Court to amend the scheduling order so that it could depose defense
7  witnesses not available before the close of fact discovery. Attached as **Exhibit 3** is
8  a true and correct copy of Mophie's Reply in Support of Unopposed Motion for
9  Leave to Amend filed by mophie on June 16, 2014.

10      8.    On June 27, 2014, the Court granted mophie's request to extend fact
11  discovery to August 22, 2014. Attached as **Exhibit 4** is a true and correct of the
12  Civil Minutes-General re In Chambers - Order re Motion for Leave to Amend.

13      9.    Following the hearing on June 27, I sent all counsel a proposed
14  schedule of depositions, asking if we could finalize a deposition schedule the
15  following week. My email noted that even with "additional time, since the
16  remaining dates have not been modified it would be ideal to complete all
17  depositions sooner rather than later." Attached as **Exhibit 5** is a true and correct
18  copy of the email I sent to counsel on June 27, 2014.

19      10.    On July 2, 2014, Ms. Swaroop advised that the mophie depositions
20  could not proceed on July 7 or 8 and that they were looking into additional dates of
21  availability. Attached as **Exhibit 6** is a true and correct copy of the email sent by
22  Ms. Swaroop on July 2, 2014.

23      11.    On July 7, 2014, LivingSocial produced 26,491 pages of documents.
24  LivingSocial went to great lengths to timely meet its discovery obligations.

25      12.    On July 7, 2014, Sheila Swaroop informed me that mophie would not
26  produce any documents that day and also that it would designate "Shawn Dougherty
27  and Daniel Huang as its 30(b)(6) witnesses" who "would be made available on
28

August 20 and 21 for their individual and 30(b)(6) depositions at Knobbe's Irvine office." Attached as **Exhibit 7** is a true and correct copy of that email.

13. After receiving all documents from defendants and deposing their witnesses, mophie refuses to produce its witnesses for deposition until August 20 and 21, 2014. Additionally, mophie refuses to produce documents responsive to defendants' requests—due on July 7, 2014—before July 25. mophie has produced less than 1500 pages of documents in this case despite asserting claims for trademark, copyright, trade dress and patent infringement.

14. Initial expert disclosures are due on August 12, 2014—before mophie will voluntarily produce its witnesses who have knowledge critical to defendants' invalidity and unenforceability contentions, among other issues. Additionally, the dispositive motion cut-off date is August 29, 2014, just one week after mophie intends to make its witnesses available.

15. Defendants' defenses depend, in large part, on information uniquely in mophie's possession. LivingSocial cannot prepare expert reports or dispositive motions without first deposing mophie's witnesses.

16. On July 14, 2014, I asked mophie's counsel to provide dates before July 25 for the depositions of mophie, Shawn Dougherty, and Daniel Huang and to confirm that all documents responsive to defendants' requests will be produced by Friday. I also indicated that LivingSocial would file an ex parte application to modify the scheduling order if necessary. Attached as **Exhibit 8** is a true and correct copy of my email providing notice of the ex parte application and inviting plaintiff's counsel to meet and confer on the requested relief.

17. On July 15, 2014, I discussed the requested relief with Ms. Swaroop. She indicated that mophie opposed the requested modification of the fact discovery deadline. I asked Ms. Swaroop why mophie did not produce documents when due on July 7, 2014. She stated that mophie had already produced documents and would continue to do so on a "rolling" basis. I also asked Ms. Swaroop if there were any

compelling circumstances, such as overseas travel or medical conditions, that precluded mophie's witnesses from appearing for deposition before late August. She did not identify any, vaguely citing only their "travel schedules."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July, 2014, at Los Angeles, California.

          /s/   Laura A. Wytsma
          Laura A. Wytsma

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on July 15th 2014.

By: /s/ Laura A. Wytsma
Laura A. Wytsma