Laura A. Wytsma (Cal. Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

Attorneys for Defendant
LivingSocial, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DHARMESH SHAH A.K.A. DAVID SHAH/D/B/A SOURCE VISTA, an individual, and LIVINGSOCIAL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 8:13-cv-01321-DMG-(JEMx)<br><br>The Honorable Dolly M. Gee<br><br>**EX PARTE APPLICATION TO AMEND SCHEDULING ORDER TO REQUIRE COMPLETION OF FACT DISCOVERY BY JULY 25, 2014**<br><br>Date: Not applicable<br>Time: Not applicable<br>Ctrm: 7 (Spring Street)<br><br>**[HEARING REQUESTED]** |

## INTRODUCTION

The Court initially ordered the completion of all fact discovery by July 8, 2014. At mophie's request and in connection with its belated amendment of the complaint to add a patent claim, the fact discovery deadline was extended so that mophie could complete depositions of unavailable defense witnesses. It is this amendment that mophie is now attempting to exploit to prejudice LivingSocial's ability to fully defend itself in this case.

After defendants agreed to produce their witnesses for deposition the week of July 7—the same week noticed—mophie refused to produce its witnesses the week of July 7. And after defendants timely produced their documents when due on July 7, mophie refused to timely produce its documents on July 7. Instead, citing the new discovery deadline as its only excuse, mophie refuses to produce its witnesses for deposition until August 20 and 21—**after the expert report deadline and a week before the dispositive motion deadline**—and insists that it can produce documents whenever it wants on a "rolling basis."

mophie has not offered any compelling reasons for its refusal to produce documents or witnesses in response to timely served requests—it simply claims its witnesses are unavailable and relies on this Court's modification of the scheduling order. But the extension of discovery was intended to address the unavailability of defense witnesses now already deposed—not to absolve mophie of its discovery obligations or to enable stalling tactics that will significantly prejudice defendants.

To ensure that defendants obtain the discovery necessary to prepare expert reports and dispositive motions, LivingSocial requests that the Court modify its scheduling order and require completion of all fact discovery by July 25, 2014.

## BACKGROUND AND ARGUMENT

I. **Good Cause Exists to Modify the Scheduling Order.**

A scheduling order may be modified when "good cause" is demonstrated. Fed. R. Civ. P. 16(b)(4). Such good cause exists here. mophie is attempting to

exploit the recent extension of the fact discovery deadline to prejudice defendants by refusing to timely produce its documents or witnesses for deposition.

Over the course of ten months, mophie has filed four separate complaints, each time lodging new claims and theories claims against defendants. mophie filed the operative third amended complaint almost two months after the deadline for amending the pleadings. LivingSocial agreed to this belated amendment with the understanding that it would not further delay a resolution of this meritless suit. Declaration of Laura A. Wytsma ¶ 6.

Had LivingSocial known that mophie would attempt to use the belated amendment of its complaint to abnegate its discovery obligations and to significantly prejudice defendants, LivingSocial would never have stipulated to the untimely amendment and would have addressed the issue of prejudice in responding to mophie's request to add a new claim.

But it was only *after* LivingSocial stipulated to the amendment that mophie asked the Court to modify the scheduling order to continue the July 8, 2014 cut-off date, supposedly so that it could complete depositions of defendants' unavailable witnesses. In its June 16 reply, mophie explained:

> [T]he Shah and Serve Global defendants are not able to appear for depositions on the dates noticed by mophie and have suggested that depositions occur after the fact discovery cut-off of July 8 or on dates that conflict with previously scheduled depositions. …
> In view of these developments, mophie respectfully requests that the Court consider adjustments to the case schedule so that mophie can complete the discovery it needs for this action. *Id.*

Ex. 3.

With this explanation from mophie, the Court extended the fact discovery deadline to August 22, 2014. *Id.* Ex. 4. That same day, LivingSocial's counsel

reiterated that depositions should be scheduled as quickly as possible since the Court had not adjusted any of the other pretrial deadlines. *Id.* Ex. 5.

Although mophie waited until June 3, the last possible day, to serve written discovery on defendants, LivingSocial worked diligently to timely meet its discovery obligations, and produced over 26,000 pages of documents on July 7. *Id.* ¶ 11. mophie, however, refused to produce documents when due on July 7. *Id.* ¶ 12, Ex. 7. mophie also refused to make witnesses available the week of July 7, even though defendants agreed to produce their witnesses the week of July 7, the same week noticed by mophie. *Id.* ¶¶ 5, 12.

On July 7, and only after defendants had already committed to producing their witnesses the week of July 7 and made travel arrangements, mophie stated that it would not produce its witnesses until August 20 and 21. *Id.* ¶ 12, Ex. 7. Attempting to exploit an extension of discovery intended to permit mophie to depose unavailable defense witnesses who have now already been deposed, mophie still refuses to produce documents or its witnesses at this time. *Id.* ¶ 17.

Instead, mophie insists it can produce documents on a "rolling basis" at some indeterminate future date, and that its witnesses are "unavailable" until August 20 and 21, 2014. *Id.* ¶ 17. In other words, because it obtained an extension of discovery, mophie believes that it can produce documents due July 7 whenever it wants, and that it can produce witnesses noticed for deposition on June 18 over two months later—after expert reports are due on August 12 and a week before dispositive motions must be filed on August 29. *Id.* ¶ 14.

mophie's litigation tactics—deeming itself immune from discovery rules and stalling to prejudice defendants—are unacceptable. The Court should modify the scheduling order so that mophie cannot use a discovery extension granted for a limited purpose to unfairly prejudice defendants.

Ex Parte Application to
Amend Scheduling Order

## CONCLUSION

mophie is the plaintiff here; it hauled LivingSocial into this Court to defend itself at significant expense against accusations of infringement. Now is the time mophie must produce actual evidence, not just level unsubstantiated allegations. The Court's modification of the scheduling order is not a valid basis to refuse to respond to timely document requests or appear for timely noticed depositions. And mophie has offered no other reason for its refusal to appear for deposition before August 20 or its failure to produce any more than 1500 pages of documents to substantiate a half-dozen-plus claims against defendants.

LivingSocial's ability to prepare expert reports and dispositive motions should not be prejudiced by mophie's litigation tactics. LivingSocial respectfully requests the Court to amend its scheduling order to require the completion of all timely served discovery by July 25, 2014, so that defendants have sufficient time to prepare expert reports and dispositive motions.

Dated: July 15, 2014                    Respectfully submitted,

                                        By:  /s/  Laura A. Wytsma
                                             Laura A. Wytsma
                                             Attorneys for Defendant
                                             LIVINGSOCIAL, INC.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on July 16, 2014.

By: /s/ Laura A. Wytsma
Laura A. Wytsma