1  Steven J. Nataupsky (SBN 155,913)
   steven.nataupsky@knobbe.com
2  Paul A. Stewart (SBN 153,467)
   paul.stewart@knobbe.com
3  Sheila N. Swaroop (SBN 203,476)
   sheila.swaroop@knobbe.com
4  Nicole R. Townes (SBN 272,342)
   nicole.townes@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, 14th Floor
6  Irvine, CA  92614
   Telephone:  949-760-0404
7  Facsimile:  949-760-9502

8  Attorneys for Plaintiff,
   MOPHIE, INC.

9

10

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15  MOPHIE, INC., a California          )  Case No.:
    corporation,                        )  SACV 13-01321 DMG (JEMx)
16                                       )
            Plaintiff,                   )
17                                       )  **PLAINTIFF'S OPPOSITION TO**
         v.                              )  **DEFENDANT LIVINGSOCIAL,**
18                                       )  **INC.'S EX PARTE APPLICATION**
    DHARMESH SHAH A.K.A. DAVID           )  **TO AMEND SCHEDULING**
19  SHAH D/B/A SOURCE VISTA, an          )  **ORDER TO REQUIRE**
    individual; LIVINGSOCIAL, INC., a    )  **COMPLETION OF FACT**
19  Delaware corporation; and SERVE      )  **DISCOVERY BY JULY 25, 2014**
    GLOBAL, LLC,  a Texas limited        )
20  liability company D/B/A              )
    SOURCEVISTA.COM,                     )
21                                       )
                                         )
22          Defendants.                  )  Hon. Dolly M. Gee
                                         )

23

24

25

26

27

28

1    Plaintiff mophie, Inc. ("mophie") hereby opposes Defendant
2  LivingSocial, Inc.'s ("LivingSocial") *Ex Parte* Application.

## I.  INTRODUCTION

4    LivingSocial's *ex parte* request for an order **shortening** the fact discovery
5  period in this case is meritless and should be denied.  Just over two weeks ago,
6  on June 27, 2014 this Court issued an Order **extending** the fact discovery cut-
7  off date in this case to August 22, 2014.  Doc. No. 81.  The purpose of this
8  extension was to allow the parties additional time to complete previously
9  noticed depositions.  *Id.*  By reversing course, and shortening the fact discovery
10 period, LivingSocial's proposal would ensure that the noticed depositions could
11 not be completed by the new deadline.

12    LivingSocial's primary complaint is that opening expert reports are due
13 on August 12, 2014, ten days before the fact discovery cut-off date, and that it
14 cannot properly prepare its expert reports without first completing fact
15 discovery.  *See* Doc. No. 90 at 1.  LivingSocial, however, did not raise this
16 concern at the June 27th hearing when the case schedule was discussed.  In any
17 event, the way to address LivingSocial's concern is directly, by extending the
18 time for the parties to serve opening expert reports if that is truly necessary.
19 LivingSocial's indirect approach of shortening the fact discovery period simply
20 makes no sense.  Accordingly, its *ex parte* application should be denied.

## II.  FACTUAL BACKGROUND

### A.    The Parties' Discovery Efforts

23    On February 6, 2014, this Court entered a scheduling order setting a July
24 8, 2014 discovery cut-off date.  *See* Doc No. 33.  LivingSocial chose not to
25 serve any written discovery until June 3, 2014.  On that date, LivingSocial
26 served 52 document requests and 20 interrogatories.  *See* Stewart Decl., Exs. 1-
27 2. Three days later, LivingSocial served an additional 44 document requests.

Stewart Decl., Ex. 3.  mophie timely responded to all of these discovery requests on July 7, 2014, just one week ago.  *See* Stewart Decl., Exs. 4-6.

In addition, mophie has already produced many documents in response to LivingSocial's 96 document requests.  These include:  the asserted U.S. Patent No. 8,367,235 ("the '235 Patent"); the asserted trademark registrations and associated file histories; the asserted copyright registrations; a spreadsheet identifying instances of consumer confusion; communications between LivingSocial and mophie prior to the initiation of this lawsuit; website printouts showing the LivingSocial promotion for the accused smartphone battery cases; website printouts from the Source Vista website; website printouts from mophie's website; evidence of consumer confusion on social media websites; photographs of mophie's products and the accused products; and documents relating to Defendant Shah and various entities owned by him and/or his wife, Sujata Shah.  Stewart Decl. ¶ 14.  Further, mophie produced to the Defendants yesterday documents relating to: mophie's advertising and marketing expenditures; the interference proceeding for Patent Application No. 12/982,351 which is in the same family as the '235 Patent; the file history for the '235 Patent; spreadsheets showing media coverage for mophie's products; mophie's Public Relations Reports for its products; and the certificate for correction of inventorship of the '235 Patent.  *Id.* ¶ 15.

On June 18, 2014, LivingSocial began the process of taking depositions of mophie witnesses by serving a Rule 30(b)(6) Notice of Deposition of mophie.  *See* Wytsma Decl., Ex. 2.  On June 24, 2014, LivingSocial served deposition notices for Daniel Huang, mophie's Chief Executive Officer, and Shawn Dougherty, mophie's Chief Operating Officer.  *Id.*  mophie has designated Mr. Huang and Ms. Dougherty to serve as mophie's Rule 30(b)(6) designees as well.

Several weeks earlier, on June 3, 2014, mophie noticed the depositions of LivingSocial and four LivingSocial employees.  *See* Stewart Decl., Exs. 7-11.

Just over a month later, during the week of July 7th, mophie took the depositions of the four individual witnesses.  Due to the schedule of LivingSocial's corporate designee, the Rule 30(b)(6) deposition of Living Social will not be taken until July 22, 2014, about seven weeks after it was noticed.

mophie's corporate designees, Mr. Huang and Ms. Dougherty, are in a similar situation.  Due to their prior commitments and travel schedules, they are not available to testify until August 20th and August 21st, about eight weeks after their deposition notices were served.  LivingSocial's demand that they each testify before next Friday, July 25th, is particularly unreasonable.  For the remainder of the current week, mophie is conducting its global sales meetings in which more than 40 people are flown in from around the world for training and strategy planning.  Mr. Huang and Ms. Dougherty, as CEO and COO of mophie, both play an imperative and irreplaceable role in these three days of meetings.  Stewart Decl. ¶ 16.

The following week, both Mr. Huang and Ms. Dougherty will spend the day of Monday July 21st preparing for their quarterly board meeting.  On July 22nd, they will both be meeting with five of mophie's corporate finance partners who are flying in just for this meeting.  On July 23rd and 24th, mophie has its quarterly board meeting in which both Mr. Huang and Ms. Dougherty play a critical role.  *Id*. ¶ 17.  In short, it is simply not feasible for Mr. Huang or Ms. Dougherty to prepare for and sit for their depositions in the short time frame demanded by LivingSocial.

**B.**    **The Recent Amendment To The Fact Discovery Cut-Off Date**

On May 29, 2014, the parties filed a stipulation to permit mophie to add a claim of infringement of the '235 patent to this case.  *See* Doc. No. 65.  In that stipulation, the parties, including LivingSocial, agreed that a new scheduling order would be needed to accommodate the addition of the '235 patent.  *Id*. at 1:22-23.  Specifically, the parties jointly requested that the Court "conduct a

case management conference and enter a new scheduling order after the pleadings are settled." *Id*. In short, the parties agreed that the then-controlling July 8th fact discovery cut-off date was insufficient to allow the parties to complete discovery of all claims, including the new claim for infringement of the '235 patent.

Per the Court's instructions, *see* Doc. No. 66, mophie then re-filed the stipulation as an unopposed motion to amend its Complaint. *See* Doc. No. 67. In response to that unopposed motion, LivingSocial stated for the first time that it opposed any modification of the existing pretrial schedule. *See* Doc. No. 70 at 3:3-7. The Court then held a hearing on mophie's motion on June 27, 2014. The parties discussed the case schedule with the Court. LivingSocial opposed any change to the case schedule, but raised none of the concerns it has raised in its current *ex parte* application. After hearing the parties' positions, the Court concluded that a brief six-week extension of the fact discovery cut-off date was warranted, and the Court set a new cut-off date of August 22, 2014 to complete pre-existing discovery. *See* Doc. No. 81 at 3. LivingSocial now seeks to undo this Court's June 27th order in large part by moving the fact discovery cut-off date up to July 25, 2014.

### III.  LIVING SOCIAL'S *EX PARTE* APPLICATION SHOULD BE DENIED

**A.  The Deadline For Serving Expert Reports Provides No Basis For Shortening The Recently-Extended Fact Discovery Period**

LivingSocial's main argument for shortening the fact discovery period is that it needs to complete fact discovery before opening expert reports are due on August 12, 2014. *See* Doc. No. 90 at 1. However, during the meet-and-confer, mophie offered to alleviate LivingSocial's concerns in the most direct and sensible way possible – by seeking to adjust the case schedule so that opening

1    expert reports would be served after fact discovery is complete.  Stewart Decl.

2    ¶ 18.  LivingSocial did not respond to this proposal.  *Id.*

3            Instead, LivingSocial insists upon partially reversing this Court's June

4    27th order by closing fact discovery on July 25th, almost a month before the

5    current Court-ordered cut-off date.   That would leave the parties only six

6    business days after the filing of the present brief from which to select deposition

7    dates for mophie's two witnesses.   Even if those witnesses were available

8    during that time frame – which they are not – it is unlikely that counsel and the

9    witnesses could coordinate their schedules to prepare for the depositions and

10   meet LivingSocial's aggressive deadline, particularly because three other

11   depositions are already scheduled to take place during the week of July 21.

12   **B.       The Completion Of Some Of The LivingSocial Depositions Provides**

13           **No Basis For Shortening The Fact Discovery Period**

14           LivingSocial also points out that the depositions of its individual

15   witnesses have been completed.  *See* Wytsma Decl. ¶ 5. LivingSocial seems to

16   imply that it has been forthcoming with its witnesses, while mophie allegedly

17   has not.   However, it should come as no surprise that the LivingSocial

18   depositions were completed first.   They were noticed first.   Moreover, as

19   mentioned above, the corporate deposition of LivingSocial has not yet been

20   taken even though it was noticed almost two months ago.  Thus, mophie is

21   making its corporate designees available to LivingSocial in the same time frame

22   that LivingSocial is making its corporate designee available to mophie.

23           Of course, that is not the reason why mophie is making its corporate

24   designees available when it is.  As discussed above, the reason is simply the

25   unavailability of the witnesses during the specific time frame requested by

26   LivingSocial in its *ex parte* application.

27   / / /

28   / / /

-5-

**C.** **The Status Of Document Production Provides No Basis For Shortening The Fact Discovery Period**

LivingSocial also complains that mophie did not complete its document production on July 7, 2014, the day that mophie timely served its written responses to LivingSocial's 96 document requests. *See* Doc. No. 90 at 1. However, as discussed above, mophie has produced many documents responsive to LivingSocial's numerous requests, and its document production is ongoing. While mophie was unable to agree to LivingSocial's unilateral deadline of July 25th to complete its document production, mophie will promptly complete its production as soon as possible.[1]

Moreover, the fact that some mophie documents remain to be produced simply does not provide a rational basis for shortening the fact discovery period. If LivingSocial believes a portion of the document production has been unreasonably delayed, it can move to compel. And if it believes those documents will be needed to prepare expert reports, the direct and sensible solution again is to permit the parties to exchange expert reports after the fact-discovery cut-off date.

///

---

[1] LivingSocial is not the only party awaiting the production of documents. mophie is as well. During mophie's deposition of Defendant Shah on July 11th, Mr. Shah identified the following documents in his possession which have yet to be produced: emails from the email address david@sourcevista.com; Serve Global's revenue records; Serve Global's shipping records; communications with the manufacturer of the accused smartphone battery cases, Sunkiss; invoices from Sunkiss; communications with other suppliers of other smartphone battery cases offered for sale by Serve Global; documents relating to the product known as the "iPhone 5 case Apple certified" sold by Serve Global; documents relating to shipping costs for the accused smartphone battery cases; and documents relating to a promotion between Mr. Shah and LivingSocial for iPhone cables.

**D.     mophie Is Not Attempting To "Exploit" This Court's Scheduling Order Or Prejudice LivingSocial**

LivingSocial repeatedly accuses mophie of attempting to "exploit" the amended Scheduling Order in an effort to cause prejudice to LivingSocial.  *See*, *e.g.*, Doc. No. 90 at 1. This accusation is baseless.  As discussed above, mophie's resistance to a July 25th discovery cut-off date is motivated by the fact that Mr. Huang and Ms. Dougherty are unavailable for depositions before that date.  And mophie has offered to eliminate any prejudice to LivingSocial by stipulating that the parties may serve their expert reports after the depositions are completed.   LivingSocial is simply attempting to put mophie in an impossible position, and mophie understandably objects.

**IV.  CONCLUSION**

LivingSocial has identified no basis for reversing this Court's June 27, 2014 order and shortening the fact discovery period.  Accordingly, mophie respectfully requests that the Court deny LivingSocial's *Ex Parte* Application.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 17, 2014          By: /s/ *Paul A. Stewart*

Steven J. Nataupsky
Paul A. Stewart
Sheila N. Swaroop
Nicole Rossi Townes

Attorneys for Plaintiff
MOPHIE, INC.

18430516
071514

-7-