UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-cv-01321 DMG (JEMx) | Date | July 18, 2014 |

| | | | |
|---|---|---|---|
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE *EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER [DOC. ## 89, 90.]**

On July 16, 2014, Defendant Living Social filed an *ex parte* application to amend the scheduling order to require completion of all fact discovery by July 25, 2014, as opposed to August 22, 2014. [Doc. # 90.] On July 17, 2014, mophie filed an opposition [Doc. # 91] and Living Social filed a Reply [Doc. # 93].

In the Court's June 27, 2014 Order, it considered mophie's request to amend the fact discovery deadline, set for July 8, 2014, because Defendants David Shah and Serve Global were not available for depositions before then. (June 27, 2014 Order at 3 [Doc. # 81].) After a hearing on the issue on June 27, the Court granted mophie's request and extended the deadline to August 22, 2014. (*Id.*) The Court clarified that the parties were not to propound new discovery requests during the extended discovery period. (*Id.*)

Living Social has failed to show good cause to modify the discovery deadline, which the Court recently set at the June 27, 2014 hearing. The Court did not limit discovery to the depositions of David Shah and Serve Global. (*Id.*) Moreover, at the time of the hearing, counsel for Living Social knew that the motion deadline fell shortly after the August 22, 2014 discovery cut-off. Thus, Living Social should have anticipated discovery lasting until the deadline. The Court has already addressed the issue of extending the discovery deadline, and will not permit Living Social to revisit it in the form of an *ex parte* application. In addition, the Court noted at the hearing that any discovery disputes should be addressed by filing a motion before the Magistrate Judge. The motion cut-off is more than one week after the depositions are to be completed, and there is no rule that the parties cannot begin preparing their motions well in advance of the cut-off and finalize them after the conclusion of the depositions. Moreover, any alleged prejudice may be ameliorated by a brief and reasonable continuance of the expert disclosure/discovery deadlines, for which the Court will consider a stipulation of the parties. Living Social's *ex parte* application is **DENIED**.

**IT IS SO ORDERED.**