UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 1 of 14 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTIONS TO DISMISS [DOCS. ## 49, 52, 53]**

    Defendants LivingSocial, Inc., Dharmesh Shah, and Serve Global, LLC, d/b/a Source Vista, move to dismiss Plaintiff mophie, Inc.'s ("mophie") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docs. ## 41, 49, 52-53.] On May 23, 2014, mophie filed Oppositions to each of Defendants' motions. [Docs. ## 62-64.] On June 24, 2014, Shah filed a Reply. [Doc. # 76.] LivingSocial and Serve Global replied on June 26, 2014. [Docs. ## 77-78.] On June 27, 2014, the Court granted mophie's Motion for Leave to Amend. [Docs. ## 67, 81.] mophie filed a Third Amended Complaint ("TAC") on the same day.[1] [Doc. # 82]. On July 2, 2014, the Court deemed Defendants' Motions to Dismiss appropriate for decision without oral argument. [Doc. # 84.] For the reasons set forth below, the Motions to Dismiss are **GRANTED in part and DENIED in part**.

**I.
BACKGROUND**

    mophie designs "protective battery cases" for smart phones. (TAC ¶ 10.) mophie designed the first portable battery case certified by Apple, "Juice Pack," and related products. (*Id.* ¶ 11.)

    Defendant Shah does business as Source Vista and operates the website "www.sourcevista.com." (*Id.* ¶¶ 5-6.) Shah is "a manager or officer of Source Vista" and is "the

---

[1] While the TAC is the operative complaint, Defendants' motions pertain to the SAC. In its TAC, mophie has added a claim for patent infringement, but mophie's eight other claims remain identically pled. (Mot. to Amend, App. A [Doc. # 67-1].) At the June 27, 2014 hearing, the Court informed the parties that they did not need to refile their pending motions to dismiss, which were already briefed and set for hearing on July 11, 2014, because the TAC merely added a new cause of action for patent infringement and did not alter the other claims. The Court also stated that the parties would be permitted another round of motions regarding the patent claim. As stated at the hearing, the Court construes the instant motions to dismiss as pertaining to the claims in the TAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 2 of 14 |

sole owner of defendant Serve Global," a limited liability company purportedly doing business as "SOURCEVISTA.COM."  (*Id.* ¶¶ 8, 30, 32-33.)

Defendant LivingSocial is a company that "offers for sale and/or sells products and provides information and website links for its users to access the websites of others, including Source Vista and Serve Global."  (*Id.* ¶ 38.)

mophie alleges that Defendants are promoting, offering for sale, and/or selling products, including "battery case product[s]," that infringe on mophie's trademarks, copyrights, and trade dress.  (*Id.* ¶¶ 37-38.)

mophie's TAC raises the following claims:  (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114; (2) unfair competition and false designation of origin of "mophie Marks and mophie's common law trademarks" under 15 U.S.C. § 1125(a); (3) trademark dilution under 15 U.S.C. § 1125(c); (4) California common law trademark infringement; (5) unfair competition and false designation of origin of "the Circular Pattern trademark and the 4:11 Lock Screen trademark" under 15 U.S.C. § 1125(a); (6) trade dress infringement under 15 U.S.C. § 1125(a); (7) unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq*; (8) copyright infringement under 17 U.S.C. § 501 *et seq*; and (9) patent infringement under 35 U.S.C. § 271.  (*Id.* ¶¶ 43-110.)

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *id.* at 570).  A claim is facially plausible when a court can draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  A court may accept all factual allegations as true, but it need not accept as true legal conclusions.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Ordinarily, a court may only look to the face of the complaint when deciding a Rule 12(b)(6) motion.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  The Court may also consider evidence on which the complaint "necessarily relies" if:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 3 of 14 |

"(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *United States v. Corinthian Cottages*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder* at 448; *Van Buskirk* at 980.

Shah argues that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies in this case. (Shah Mot. at 5 [Doc. # 52].) This is incorrect, as no fraud claim or theory of fraud is alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (rule 9(b) applies when claim is "grounded" or "sounds" in fraud); *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052-1056 (9th Cir. 2008) (applying Rule 9 only to fraud allegations and not Lanham Act claims); *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, Case No. CV 09-00145-PHX-MHM, 2009 WL 3188391, at *1 (D. Ariz. Sept. 29, 2009) (heightened pleading standard only applies to claims of fraud and not copyright claims).

### III.
### DISCUSSION

The Court considers Defendants' motions to dismiss together because they present overlapping arguments. Defendant Shah moves to dismiss on two grounds: (1) failure to state a claim for personal liability of Shah; and (2) failure to state a claim under the sixth cause of action for trade dress infringement. [Doc. # 52-1.] Defendant Serve Global moves to dismiss solely on the sixth cause of action for trade dress infringement. [Doc. # 53-1.] Finally, Defendant LivingSocial moves to dismiss all claims.

**A.    The TAC States a Claim for Shah's Personal Liability**

A corporate officer who is the moving, active, conscious force behind a corporation's infringing activity is subject to personal liability—without regard to alter ego liability. *Int'l Mfg. Co. v. Landon, Inc.*, 336 F.2d 723, 729 (9th Cir. 1964) (patent claim), *cert. denied sub nom. Jacuzzi Bros., Inc. v. Landon, Inc.*, 380 U.S. 938 (1965). In addition, an owner or manager of a corporation may be held directly liable for trademark infringement under the Lanham Act and California trademark laws, to the extent that he authorizes, directs, or participates in the infringement. *See POM Wonderful LLC v. Purely Juice, Inc.*, 362 F. App'x 577, 581 (9th Cir. 2009) (citing *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1015 (9th Cir. 1986), and *People v. Toomey*, 157 Cal. App. 3d 1, 15, 203 Cal. Rptr. 642 (1984)). An officer or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 4 of 14 |

sole owner of a corporation is ordinarily the moving force of the corporation's infringing activity, and thus can be held personal liable. *See Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1073 (C.D. Cal. 2004) (president and sole owner was the moving force behind infringing activities of company and was thus personally liable for trademark claims); *see also Adobe Sys. Inc. v. Childers*, Case No. 5:10-CV-03571 JF/HRL, 2011 WL 566812 (N.D. Cal. Feb. 14, 2011) ("Corporate officers are personally liable for the corporation's copyright and trademark infringements when they are a "moving, active conscious force behind the corporation's infringement") (citation omitted).

mophie has sufficiently alleged that Shah is the "sole owner of Serve Global" and the "sole proprietor," "manager or officer of Source Vista" with "knowledge of Serve Global, LLC d/b/a Source Vista purchasing products, marketing products, and distributing products which plaintiff mophie contends are or may be infringing products." (TAC ¶¶ 29-30, 32.) These claims are sufficient to allege that Shah is the moving force behind Serve Global's infringing activities, without regard to alter ego liability.

Accordingly, Defendant Shah's motion to dismiss on the grounds of lack of personal liability is **DENIED**.

**B.      Trademark Claims**

   **1.      Direct Trademark Infringement**

To state a claim for trademark infringement, a plaintiff must show (1) a valid trademark and (2) likely confusion from the defendant's use of that trademark. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Registration of a mark is *prima facie* evidence of the validity of the registered mark. *Id.* at 1047. Defendant's "use" must be "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114 (1)(a).

LivingSocial contends that mophie's claim for trademark infringement should be dismissed because LivingSocial has not alleged that it "used" mophie's marks within the meaning of the Lanham Act. LivingSocial asserts that it does not sell products, but rather promotes "deals" relating to sales by third-party merchants. (LivingSocial Mot. at 5.) It points to the terms and conditions on its website, which states that:

> LivingSocial provides customers with opportunities to purchase certain products and services (each a "Deal," and collectively,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 5 of 14 |

"Deals") *from third-party merchants* (each the "Merchant") . . . .
[T]he promotion of each Deal works as a form of advertisement for
the Merchant by LivingSocial.

(Declaration of Laura A. Wytsma ¶ 4, Exh. 3 (emphasis added) [Doc. # 49-5].)[2] The TAC alleges that LivingSocial is a company that "offers for sale and/or sells products and provides information and website links for its users to access the websites of others, including Source Vista and Serve Global." (*Id.* ¶ 38.) But "when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991). Thus, the Court inquires only as to whether LivingSocial "used" mophie's trademark in connection with its advertising of the other Defendants' battery case.

In its opposition, mophie does not dispute that LivingSocial has not sold the infringing battery case itself. (LivingSocial Opp'n at 5-6.) Instead, it argues that LivingSocial "promoted an offer" and points to Exhibit 21. (*Id.* at 5.) Exhibit 21 to the SAC is a PayPal receipt for $21.00 to LivingSocial and the order description states "iPhone 5 Charging Case." (Exhibit 21 to the SAC [Doc. # 41-21].) Exhibit 20, however, is the part of LivingSocial's website regarding its "deal" for Source Vista's battery case, for $21, and does not mention mophie or its trademarks (as described above). (SAC, Exh. 20; TAC Exh. 21.) It states that it is a "paid deal" that expires five years after purchase, and it also contains a link to Source Vista's website. (*Id.*)

In *Site Pro-1, Inc. v. Better Metal, LLC*, 506 F. Supp. 2d 123 (E.D.N.Y. 2007), the Court held that because neither the third-party's link to another website nor the surrounding text mentioned plaintiff or its trademark, plaintiff had not alleged "use" under Lanham Act. *Id.* at 127-28; *see also Bally Total Fitness Holding Corp. v. Faber*, 29 F. Supp. 2d 1161, 1168 (C.D. Cal. 1998) ("Including linked sites as grounds for finding commercial use or dilution would extend the statute far beyond its intended purpose of protecting trademark owners from use that have the effect of 'lessening . . . the capacity of a famous mark to identify and distinguish goods or services.'") 15 U.S.C. § 1127 (ellipses in original). Here, the TAC does not allege use of mophie's trademark by LivingSocial in connection with its "deals," and the only evidence

---

[2] The Court considers this evidence of the Living Social policy on its website because the TAC relies on LivingSocial's website (TAC ¶ 38, Exh. 21; ¶ 41, Exh. 23 (LivingSocial's terms and conditions from its website) and the authenticity of its contents is not disputed. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents incorporated by reference to the complaint); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 694 (S.D.N.Y. 2009) ("Because the Website is incorporated by reference into the Complaint, the Court may consider it on a motion to dismiss.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|

| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 6 of 14 |
|---|---|---|---|

regarding the deal that the TAC incorporates does not mention mophie or in any way use its trade dress (as identified above) or trademark. (TAC, Exh. 21.)

mophie's attempt to distinguish *Site Pro-1* on the grounds it did not involve a transaction in which goods were ultimately obtained, as is allegedly the case here, is unavailing. (LivingSocial Opp'n at 6.) Liability under the Lanham Act does not require a transaction. LivingSocial could be liable simply for advertising the battery case *and* using mophie's trademark in connection with that advertising. 15 U.S.C. § 1114 (1)(a). But here, there are no allegations that LivingSocial used mophie's trademark in connection with advertising, and mophie does not dispute in its opposition that LivingSocial did not itself sell any battery case, but rather promotes "deals" for buying the case from a third party. (Opp'n at 5-6; Wytsma Decl. ¶ 4, Exh. 3.)

Accordingly, mophie's claim against LivingSocial for direct trademark infringement fails and LivingSocial's motion as to this claim is **GRANTED**.

### 2. Contributory Trademark Infringement

"To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007), *cert. denied*, 553 U.S. 1079 (2008) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982)).

mophie's TAC has no allegations, conclusory or otherwise, that LivingSocial "intentionally induced" the other Defendants to infringe, or that LivingSocial "continued to supply an infringing product" to the other Defendants with the knowledge of infringement. Moreover, mophie does not contest LivingSocial's argument that contributory trademark infringement was not adequately alleged. (LivingSocial Opp'n at 7-9.) Thus, the claim for contributory trademark infringement against LivingSocial is **DISMISSED**.

### 3. Vicarious Trademark Infringement

"Vicarious liability for trademark infringement requires 'a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.'" *Perfect 10, Inc.*, 494 F.3d at 807 (quoting *Hard Rock Café Licensing Corp. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 7 of 14 |

*Concession Servs., Inc.*, 955 F.2d 1142, 1150 (7th Cir. 1992)). Vicarious trademark liability does not attach unless the defendant has control such as to stop the infringing activity. *Id.* at 804-05, 808 (no liability where defendant could not "take away the tools the offending websites use to reproduce, alter, and distribute," but could only take away the "means used to sell them").

mophie contends that LivingSocial had an "actual or apparent partnership with Source Vista and Serve Global with respect to the promotion, offer for sale, and sale of infringing battery case products." (TAC ¶ 39.) It also claims that LivingSocial "had the right and ability to supervise Source Vista's and Serve Global's infringing activities." (*Id.*) This is "a formulaic recitation of the elements of a cause of action" that cannot survive a motion to dismiss. *See Twombly*, 550 U.S. at 555 (citation omitted)). For vicarious liability to attach, mophie must allege facts showing that LivingSocial had the ability to control Source Vista and Serve Global such as to prevent them from infringing on mophie's marks. *See Perfect 10, Inc.*, 494 F.3d at 804-05, 808. mophie has not done this.

Accordingly, mophie's cause of action for vicarious trademark infringement against LivingSocial is **DISMISSED**.

### 4. Trade Dress Infringement

"Trade dress protection applies to 'a combination of any elements in which a product is presented to a buyer,' including the shape and design of a product." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (quoting J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 8:1, at 8–3 (4th ed. 1996)). A trade dress claim involves "the total image of a product and may include features such as size, shape, color or color combination, texture, graphics, or even particular sales techniques." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 808 n. 13 (9th Cir. 2003) (internal citations and quotations omitted). To adequately allege trade dress infringement, the plaintiff must plead: "(1) the trade dress is inherently distinctive or has acquired distinctiveness through secondary meaning; (2) there is a likelihood that the public will be confused by the infringing use; and (3) the trade dress is nonfunctional." *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 828 (9th Cir. 1997) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769, 112 S. Ct. 2753, 2757, 120 L. Ed. 2d 615 (1992)); *see also RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 562 (C.D. Cal. 2005) (applying this standard on a motion to dismiss).

Defendants argue that mophie's cause of action for trade dress infringement should be dismissed because mophie "sets forth no facts identifying what the trade dress consists of, where it begins and where it ends, how it may be distinctive or why it is nonfunctional." (Shah Mot. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 8 of 14 |

12; Serve Global Mot. to Dismiss ("Serve Global Mot.") at 3 [Doc. # 53-1]; LivingSocial Mot. to Dismiss ("LivingSocial Mot.") at 12-13 [Doc. # 49].) LivingSocial also asserts that mophie cannot allege contributory trade dress infringement, because the Ninth Circuit has not recognized a claim for contributory trade dress infringement. (LivingSocial Mot. at 14-15.)

mophie responds that it has sufficiently identified its trade dress and alleged the elements of a trade dress infringement claim regarding its product packaging, through a combination of allegations in its complaint and attached photograph exhibits. (LivingSocial Opp'n at 9-15 [Doc. # 62]; Serve Global Opp'n at 4-11 [Doc. # 53-1]; Shah Opp'n at 13-20 [Doc. # 52-1].) mophie does not dispute that it has not stated a claim for contributory trade dress infringement against LivingSocial. (LivingSocial Opp'n at 9-15.) Accordingly, mophie's claim against LivingSocial for trade dress infringement is **DISMISSED**.[3]

### a. mophie Has Sufficiently Identified its Trade Dress and Has Pled Distinctiveness, Secondary Meaning, and a Likelihood of Confusion Against Defendants David Shah and Serve Global

A plaintiff must articulate its alleged trade dress such as to provide Defendants sufficient notice of the trade dress claim alleged. *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 949 (N.D. Cal. 2003). A plaintiff may sufficiently identify trade dress infringement through a combination of specific allegations in the complaint and the attachment of pictorial documents. *See Aadventure Prods., Inc. v. Simply Smashing, Inc.*, Case No. 07CV499 BTM(AJB), 2007 WL 2775128, at *2 (S.D. Cal. Sept. 20, 2007) (unpublished) (attachment of design patents sufficient to allege trade dress infringement); *Emeco Industries, Inc. v. Restoration Hardware, Inc.*, Case No. C-12-5072 MMC, 2012 WL 6087329, at *1 (N.D. Cal. Dec. 6, 2012) (unpublished) (trade dress sufficiently alleged where Complaint described trade dress "in both narrative and pictorial forms"); *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 737 (N.D. Ill. 2011) (allegations in complaint that were "somewhat conclusory" were sufficient to state a trade dress claim when viewed in connection with attached photographs of products).

In addition, to survive a motion to dismiss on the basis of distinctiveness of a trade dress claim, a plaintiff needs to either plead that the alleged dress is inherently unique in its identification of a particular brand, or that it has developed a secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210-11, 120 S. Ct. 1339, 1343, 146 L. Ed. 2d 182 (2000).

---

[3] For the reasons discussed above regarding direct trademark infringement, the claim of direct trade dress infringement against Living Social fails. *Supra*, Part B.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|

| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 9 of 14 |
|---|---|---|---|

mophie has adequately identified its trade dress and alleged "distinctiveness." mophie alleges that "[a]s a result of mophie's widespread use . . . the public has come to recognize and identify battery cases bearing the MOPHIE FLAP BOX Trade Dress," which "displays a product image that includes a phone 'lock screen,' which displays the time '4:11,' the date 'Tuesday, November 11,' and a full battery." (*Id.* ¶¶ 19, 38; Exh. 13 (image of mophie's packaging).)

In addition, mophie has adequately alleged a likelihood of confusion between its trade dress and that on the packaging of the battery cases allegedly sold by Defendants Shah and Serve Global. First, mophie alleges that "Defendants have developed, advertised, and/or sold battery cases that use trade dress that is confusingly similar" to the "distinctive product packaging" of mophie's battery cases. (TAC ¶¶ 18, 85.) mophie attaches photographs of its battery case, packaging, and its trademark registration for its package ("mophie Flap Box trade dress") to the TAC. (TAC ¶ 18, Exh. 13.) A comparison of mophie's packaging with images depicting the packaging of the products allegedly sold by Defendants Shah and Serve Global (both d/b/a Source Vista) suggests a likelihood of confusion. (TAC ¶ 37, Exh. 18 (Source Vista and Serve Global); ¶ 18, Exh. 13 (mophie)). This is sufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555 (stating that factual allegations do not have to be detailed beyond what is necessary to raise the right to relief beyond the speculative level).

### b. mophie Has Not Pled Nonfunctionality

mophie's TAC contains no allegations of nonfunctionality, conclusory or otherwise. To determine whether a product's feature is functional, several factors are considered: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998); *see CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1078-79 (E.D. Cal. 2009) (nonfunctionality sufficiently pled through allegations that there was no utilitarian advantage in design, alternative designs were available, advertising did not tout the utilitarian advantage of design, and manufacture was inexpensive); *cf. AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 949-50 (N.D. Cal. 2003) (conclusory statement that the "look and feel" of the product was nonfunctional was insufficient to survive a motion to dismiss).

The TAC is accordingly **DISMISSED** with respect to the trade dress infringement claim against all defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 10 of 14 |

### 5. The Other Trademark Claims Against LivingSocial Fail

LivingSocial argues that mophie's remaining trademark claims against it should be dismissed if mophie's trade dress and direct, contributory, and vicarious trademark claims are dismissed. (LivingSocial Mot. at 11.)

As discussed above, the Court dismisses all of mophie's claims for trademark infringement against LivingSocial because LivingSocial did not "use" mophie's trademarks within the meaning of the Lanham Act. The following causes of action are hereby **DISMISSED**, as they are premised on the same definition of "use" as the claim for trademark infringement under the Lanham Act: (1) unfair competition and false designation of origin of "mophie Marks and mophie's common law trademarks" under 15 U.S.C. § 1125(a); (2) trademark dilution under 15 U.S.C. § 1125(c); (3) California common law trademark infringement; and (4) unfair competition and false designation of origin of "the Circular Pattern trademark and the 4:11 Lock Screen trademark" under 15 U.S.C. § 1125(a). *See Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980), *cert. denied*, 452 U.S. 941 (1981) (test for claims under 15 U.S.C. §§ 1114 and 1125(a) are the same); *Credit One Corp. v. Credit One Financial, Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009) ("In order to prevail on a Lanham Act false designation claim or a common law trademark infringement claim, a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception").

### C. Copyright Infringement

#### 1. Direct Copyright Infringement

In order to survive a motion to dismiss, a complaint based on copyright infringement must state: (1) ownership of a valid copyright, and (2) violation by the alleged infringer of at least one of the "exclusive rights" granted to copyright owners under the Copyright Act. 17 U.S.C. § 501(a); *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). The "exclusive rights" that do not pertain only to literary, musical, dramatic, or other artworks include reproduction of the copyrighted works, preparation of derivative works, or distribution of the works. 17 U.S.C. § 501(a)(1)-(3). mophie contends that it has sufficiently alleged copyright infringement by presenting valid copyright ownership and by alleging that LivingSocial "engaged in acts of distribution." (LivingSocial Opp'n at 16.)

mophie claims ownership over the battery case's packaging and inserts, and attaches three certificates of registration. (TAC ¶ 98, Exhs. 14-16.) These certificates serve as *prima*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|

| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 11 of 14 |
|---|---|---|---|

*facie* evidence of a valid copyright. 17 U.S.C. § 410(c). When considering a motion to dismiss, the inclusion of a stamped Certificate of Registration creates a presumption of a valid copyright. *See Lizalde v. Advanced Planning Servs., Inc.*, 875 F. Supp. 2d 1150, 1160 (S.D. Cal. 2012) (citing *Bibbero Systems, Inc. v. Colwell Systems, Inc.*, 893 F.2d 1104, 1106-07 (9th Cir. 1990)); *see also Datastorm Technologies, Inc. v. Excalibur Commc'ns, Inc.*, 888 F. Supp. 112, 115 (N.D. Cal. 1995).

mophie's claim fails on the second prong of copyright infringement. As discussed above, LivingSocial provides evidence that it only offers "deals" to buy products from third parties and does not distribute any goods. (Wytsma Decl. ¶ 4, Exh. 3). And "when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." *Roth*, 942 F.2d at 625. Moreover, in its opposition to LivingSocial's motion to dismiss, mophie appears to concede this point, arguing instead on various occasions that LivingSocial "promoted" the battery cases "supplied by the Source Vista and Serve Global defendants. (*See, e.g.*, LivingSocial Opp'n at 1.) Accordingly, LivingSocial's Motion to Dismiss with regard to direct copyright infringement is **GRANTED**.

### 2. Contributory Copyright Infringement

A claim of contributory infringement requires a showing that a defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc.*, 494 F.3d at 795 (internal quotations and citations omitted); *Henley v. DeVore*, 733 F. Supp. 2d 1144, 1164 (C.D. Cal. 2010) (quoting *Dream Games of Ariz. Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009)).

mophie has sufficiently alleged material contribution by claiming that "LivingSocial has promoted . . . tens of thousands of infringing battery cases" (TAC ¶ 38.); *see A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001) (providing a service that "facilitates" direct infringement may constitute material contribution when provider knows or should know of infringing activity). In addition, mophie also alleges, on information and belief, that LivingSocial "knew or should have known of Source Vista's and Serve Global's infringing activities," and that Living Social had an "actual or apparent partnership with Source Vista and Serve Global" with respect to the sale of the infringing battery cases. (TAC ¶ 39.) Given these allegations, it is plausible that LivingSocial knew or should have known of the infringing activities by Source Vista and Serve Global. Therefore, the Motion to Dismiss mophie's claim for contributory copyright infringement is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|

| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 12 of 14 |
|---|---|---|---|

### 3. <u>Vicarious Copyright Infringement</u>

To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity. *Perfect 10, Inc.*, 494 F.3d at 802. "For vicarious liability to attach, the defendant must have the right and ability to *supervise* and *control* the infringement, not just affect it." *Id.* at 804-05 (emphasis in original) (no liability where defendant could not "take away the tools the offending websites use to reproduce, alter, and distribute," but could only take away the "means . . . used to sell them").

LivingSocial argues that mophie has not sufficiently alleged facts showing that LivingSocial exercised control over Source Vista's website content, product packaging, or instruction manuals. (LivingSocial Mot. at 18.) mophie alleges that LivingSocial "had the right and ability to supervise Source Vista's and Serve Global's infringing activities," since it "has control over its website and the promotions offered therein." (TAC ¶ 38.) These allegations, however, are not enough to allege the "right and ability to control" infringing conduct for the purposes of vicarious copyright infringement. mophie has only alleged that LivingSocial has the ability to take away one means by which Source Vista and Serve Global sells infringing products. mophie has not alleged that LivingSocial has right to *stop* direct infringement by Source Vista and Serve Global. *See Perfect 10, Inc.*, 494 F.3d at 803-05 ("[M]ere ability to withdraw a financial 'carrot' does not create the 'stick' of 'right and ability to control' that vicarious infringement requires"). For example, in *Perfect 10*, the Ninth Circuit held that allegations that Defendants had the right and ability to "control" a direct infringer's actions by declining to process payments for purchases on their websites failed to state a claim for vicarious infringement. *Id.* at 802. Here, LivingSocial only has the ability to cease promotions for sales on Source Vista's website—not even to impede sales by preventing a form of payment—which is insufficient under Ninth Circuit precedent.

Moreover, under Ninth Circuit precedent, allegations that one party had the right to terminate a partnership with an infringing party did not give that party the right to prevent direct infringement via the third-party's/partner's website. *Id.* at 803 (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 730, *amended on other grounds*, 508 F.3d 1146 (9th Cir. 2007) ("Google's right to terminate an AdSense partnership does not give Google the right to stop direct infringement by third-party websites.")). Thus, mophie's allegations that it has a "partnership" with Source Vista are also insufficient to state a claim for vicarious infringement.

mophie's claim for vicarious copyright infringement against LivingSocial is thus **DISMISSED**.

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk <u>KT</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
|---|---|---|---|
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 13 of 14 |

**D.   Leave to Amend**

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court should not deny leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (internal quotation marks omitted; quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

The three Motions before the Court are the first motions to dismiss under Rule 12(b)(6) that have been evaluated by the Court. Thus, the Court does not believe that "the pleading could not possibly be cured by the allegation of other facts," and grants mophie the opportunity to amend.

## IV.
## CONCLUSION

In light of the foregoing, the Court orders the following:

1. Shah's motion to dismiss the sixth cause of action for trade dress infringement is **GRANTED** with leave to amend, and is otherwise **DENIED**;

2. Serve Global's motion to dismiss the sixth cause of action for trade dress infringement is **GRANTED**, with leave to amend;

3. LivingSocial's motion to dismiss is **DENIED** as to the claim for contributory copyright infringement and is **GRANTED** on all other grounds, with leave to amend;

4. Plaintiff shall file its Fourth Amended Complaint, or notify Defendants that it does not intend to amend, by no later than August 8, 2014;

5. Defendants shall have 15 days from service of a Fourth Amended Complaint, or notification of non-amendment, to file their response;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 13-01321 DMG (JEMx) | Date | July 24, 2014 |
| Title | *Mophie, Inc. v. Dharmesh Shah, et al.* | Page | 14 of 14 |

      6.      Defendants Shah and Serve Global's motions to dismiss some or all of the claims in the Third Amended Complaint [Doc. ## 95-96] are **DENIED** as moot; and

      7.      The August 22, 2014 hearing is **VACATED** as to Defendants Shah and Serve Global's Motions.[4]

**IT IS SO ORDERED.**

---

[4] In the interest of time, LivingSocial need not refile its motion to dismiss the patent infringement claim in the event mophie files a fourth amended complaint. The Court will consider LivingSocial's motion to dismiss the patent infringement on August 22, 2014, as currently calendared.