Steven J. Nataupsky (SBN 155,913)
steven.nataupsky@knobbe.com
Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Attorneys for Plaintiff,
MOPHIE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOPHIE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DHARMESH SHAH A.K.A. DAVID SHAH D/B/A SOURCE VISTA, an individual; LIVINGSOCIAL, INC., a Delaware corporation; and SERVE GLOBAL, LLC,  a Texas limited liability company D/B/A SOURCEVISTA.COM,<br><br>    Defendants. | ) Case No.:<br>) SACV 13-01321 DMG (JEMx)<br>)<br>)<br>) **OPPOSITION OF PLAINTIFF**<br>) **MOPHIE, INC. TO DEFENDANT**<br>) **LIVINGSOCIAL, INC.'S**<br>) **MOTION TO DISMISS CLAIMS**<br>) **IN THIRD AMENDED**<br>) **COMPLAINT**<br>)<br>) Date:        August 22, 2014<br>) Time:        9:30 a.m.<br>) Ctrm:        7 (Spring Street)<br>)<br>) Hon. Dolly M. Gee<br>) |

# TABLE OF CONTENTS

**Page No.**

I.     INTRODUCTION .......................................................................................1

II.    FACTS .......................................................................................................1

III.   LEGAL STANDARD ...............................................................................2

IV.    ARGUMENT .............................................................................................3

     A.    mophie Has Sufficiently Pled Direct Patent Infringement
         against LivingSocial.............................................................................3

          1.    mophie has sufficiently pled that LivingSocial did
              "sell" the infringing battery cases.........................................5

          2.    mophie has sufficiently pled that LivingSocial
              "offered to sell" the infringing battery cases.......................8

     B.    mophie Has Sufficiently Pled Indirect Patent
         Infringement against LivingSocial................................................11

     C.    mophie Has Stated a Claim for Damages ....................................13

V.     CONCLUSION .......................................................................................15

# TABLE OF AUTHORITIES

**Page No(s).**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
  160 F.3d 1373 (Fed. Cir. 1998) ....................................................................10

*Alibaba.com Hong Kong LTD v. P.S. Products, Inc.*,
  C 10-04457 WHA, 2012 WL 1668896 (N.D. Cal. May 11, 2012)............5, 9

*Allison v. Cal. Adult Auth.*,
  419 F.2d 822 (9th Cir. 1969) ..........................................................................2

*Apple Inc. v. Motorola, Inc.*,
  2012-1548, 2014 WL 1646435 (Fed. Cir. Apr. 25, 2014) ............................13

*Arista Records, LLC v. Doe*,
  604 F.3d 110 (2d Cir. 2010) ...........................................................................3

*Arpin v. Santa Clara Valley Transp. Agency*,
  261 F.3d 912 (9th Cir. 2001) ..........................................................................3

*Asentinel LLC v. Info Grp., Inc.*,
  10-2706-D/P, 2011 WL 3667517 (W.D. Tenn. Aug. 3, 2011) ....................14

*Astroworks, Inc. v. Astroexhibit, Inc.*,
  257 F. Supp. 2d 609 (S.D.N.Y. 2003) .............................................................7

*Atlanta Attachment Co. v. Leggett & Platt, Inc.*,
  516 F.3d 1361 (Fed. Cir. 2008) ....................................................................10

*Ayers v. United States*,
  277 F.3d 821 (6th Cir. 2002) ..........................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................2, 4

*Benitec Australia v. Nucleonics*,
  495 F.3d 1340 (Fed. Cir. 2007) ....................................................................11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .........................................................4, 11, 13

# TABLE OF AUTHORITIES
*(cont'd)*

Page No(s).

*U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) .......................................................................2

*Gart v. Logitech, Inc.,*
    254 F.3d 1334 (Fed. Cir. 2001) ..................................................................13

*Goodridge v. Siemens Energy, Inc.,*
    276 F.R.D. 540 (N.D. Ala. 2011) .................................................................3

*Group One, Ltd. v. Hallmark Cards, Inc.,*
    254 F.3d 1041 (Fed. Cir. 2001) ..................................................................10

*Hernandez-Cuevas v. Taylor,*
    723 F.3d 91 (1st Cir. 2013) ..........................................................................2

*Inzer v. Frantz,*
    03 C 0552, 2003 WL 21877645 (N.D. Ill. Aug. 7, 2003) ...........................14

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,*
    714 F.3d 1277 (Fed. Cir. 2013) ..................................................................14

*United States ex rel. Lee v. Corinthian Colls.,*
    655 F.3d 984 (9th Cir. 2011) ........................................................................3

*In re Livent, Inc. Noteholders Secs. Litig.,*
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) ......................................................7, 8

*McCalden v. Cal. Library Ass'n,*
    955 F.2d 1214 (9th Cir. 1992) ...................................................................3, 7

*MEMC Elec. Materials v. Mitsubishi Materials,*
    420 F.3d 1369 (Fed. Cir. 2005) .........................................................8, 10, 11

*Nami v. Fauver,*
    82 F.3d 63 (3d Cir. 1996) .............................................................................2

*Nike, Inc. v. Wal-Mart Stores, Inc.,*
    138 F.3d 1437 (Fed. Cir. 1998) ..................................................................14

# TABLE OF AUTHORITIES
*(cont'd)*

**Page No(s).**

*NTP, Inc. v. Research in Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005) ................................................................5, 6

*Ocasio-Hernandez v. Fortuno-Burset*,
  640 F.3d 1 (1st Cir. 2011) ...........................................................................2

*Oracle Am., Inc. v. Google Inc.*,
  C 10-03561 WHA, 2011 WL 5576228
  (N.D. Cal. Nov. 15, 2011) .........................................................................13

*OSU Student Alliance v. Ray*,
  699 F.3d 1053 (9th Cir. 2012) .....................................................................3

*Pecorino v. Vutec Corp.*,
  934 F. Supp. 2d 422 (E.D.N.Y. 2012) ..........................................................7

*Peterson v. McGladrey & Pullen, LLP*,
  676 F.3d 594 (7th Cir. 2012) .......................................................................3

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*,
  491 F.3d 1342 (Fed. Cir. 2007) .............................................................5, 6, 7

*Plumtree Software, Inc. v. Datamize, LLC*,
  473 F.3d 1152 (Fed. Cir. 2006) .................................................................10

*Rotec Indus. v. Mitsubishi Corp.*,
  215 F.3d 1246 (Fed. Cir. 2000) .................................................................11

*Taylor Made Golf CO., Inc. v. MJT Consulting Grp., LLC.*,
  265 F. Supp. 2d 732 (N.D. Tex. 2003) .........................................................5

*In re Turnstone Sys. Sec. Litig.*,
  No. C 01-1256 SBA, 2003 U.S. Dist. LEXIS 26709
  (N.D. Cal. Feb. 4, 2003) ..............................................................................7

## OTHER AUTHORITIES

35 U.S.C. § 102..............................................................................................11

35 U.S.C. § 271................................................................................... *passim*

-iv-

# TABLE OF AUTHORITIES
### *(cont'd)*

**Page No(s).**

35 U.S.C. § 284....................................................................................................13

35 U.S.C. § 287...............................................................................................1, 14

Fed. R. Civ. P. 8...............................................................................................3, 7

Fed. R. Civ. P. 15.................................................................................................3

# I.  **INTRODUCTION**

After creating promotional offers for battery cases, distributing those offers to its voluminous customer base, inviting tens of thousands of customers to "buy now!", and accepting over $800,000 in payments for infringing battery cases, LivingSocial now argues that it should be exempt from patent infringement because it purportedly did not sell or offer to sell any products. The Court should reject LivingSocial's attempt to argue the merits of its defenses at the pleading stage.

mophie has alleged facts showing that LivingSocial offered to sell and/or sold infringing battery cases, which are direct acts of patent infringement under 35 U.S.C. § 271(a).   mophie has also alleged facts to show that LivingSocial induced infringement of the '235 Patent.  Finally, mophie has complied with 35 U.S.C. § 287's marking requirements by listing the '235 Patent on its website and including its website on its packaging, an acceptable form of marking under the patent statute.

# II.  **FACTS**

mophie's Third Amended Complaint contains detailed allegations of the sales and offers for sale by LivingSocial that infringe the '235 patent.  Exhibit 21 includes the promotion that LivingSocial created and disseminated to its customer base, a document that includes images of infringing battery cases, the price of the "deal," and details about the battery cases for sale.  Third Am. Compl., Ex. 21.   The promotion allowed customers to "buy now!"  *Id.*  Customers who purchased the promotional "deal" from LivingSocial received battery cases that infringed mophie's '235 patent.  Third Am. Compl. ¶ 38.  All customer payments for the battery cases were directed to and accepted by LivingSocial.  Third Am. Compl. ¶ 38, Ex. 22.

In addition to alleging LivingSocial's acts of direct infringement, mophie's Third Amended Complaint also details how LivingSocial encouraged

customers to engage in infringement of the '235 patent by using the infringing battery cases.   mophie's pleading explains LivingSocial's knowledge of the '235 patent and acts taken by LivingSocial to encourage acts that would constitute infringement of the patent.   LivingSocial's activities allowed customers to receive battery cases and product manuals that could be used to infringe the '235 patent, and LivingSocial had knowledge that such acts would constitute infringement.  Third Am. Compl. ¶ 106.

Finally, mophie has stated a claim for damages and compliance with the patent marking statute.  Third Am. Compl. ¶ 22.

On July 17, 2014, LivingSocial filed this Motion to Dismiss mophie's patent claims.

### III.  <u>LEGAL STANDARD</u>

In evaluating a motion to dismiss, the Court must accept as true all material factual allegations in the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The level of difficulty of proving such allegations is not a relevant consideration.   "In considering a Rule 12(b)(6) motion, [the Court does] not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969).

In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, along with all reasonable inferences from those allegations.  *U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  The "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 103 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 14 (1st Cir. 2011)).  In addition, a plaintiff is not required to plead specific evidentiary facts

supporting each element of a cause of action. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

Unless the court converts the motion to dismiss to a summary judgment motion, it cannot consider material outside of the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

A plaintiff is permitted to plead essential facts based on information and belief if otherwise appropriate. *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010). In addition, a plaintiff is permitted to plead alternative and inconsistent facts and theories of relief under Fed. R. Civ. P. 8(d). *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1992); *Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540, 542 (N.D. Ala. 2011); *see also Ayers v. United States*, 277 F.3d 821, 829 (6th Cir. 2002) ("alternative pleadings are not disfavored"). A plaintiff may plead two or more inconsistent statements of a claim, even within the same count. Fed. R. Civ. P. 8(d)(3); *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 597 (7th Cir. 2012).

If a court finds that a particular cause of action fails to state a claim, leave to amend is routinely granted to allow the plaintiff to allege additional facts to support its claim. *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011); *see also* Fed. R. Civ. P. 15(a) (noting that leave to amend should freely be given "when justice so requires").

## IV. ARGUMENT

### A. mophie Has Sufficiently Pled Direct Patent Infringement against LivingSocial

mophie has alleged a claim for direct patent infringement against LivingSocial. The Patent Act imposes direct liability on those who make, use, offer to sell, sell, or import a patented invention in the United States. 35 U.S.C. § 271(a). mophie has pled that LivingSocial has directly infringed the '235 Patent by offering for sale and selling battery cases. mophie's pleading

-3-

1  identifies the specific products at issue and identifies exemplary claims from the
2  patents that are infringed.   Third Am. Compl. ¶¶ 38, 42.   These allegations
3  satisfy the requirements for pleading a claim of direct patent infringement set
4  forth in Model Form 18 of the Federal Rules of Civil Procedure.   *See In re Bill*
5  *of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334
6  (Fed. Cir. 2012).

7      In addition to complying with Form 18, mophie has set forth additional
8  details regarding LivingSocial's conduct.   mophie has alleged that LivingSocial
9  has promoted, offered for sale, and/or sold infringing battery cases for use with
10  Apple's iPhone 5 smartphone in partnership with Source Vista and Serve
11  Global.   Third Am. Compl. ¶¶ 38, 42.   mophie's pleading provides photographs
12  of an exemplary battery case product for use with Apple's iPhone 5 smartphone
13  that LivingSocial promoted, offered for sale, and/or sold.   *Id.,* Ex. 20.   mophie's
14  pleading also provides an example of the information and links that
15  LivingSocial included on its website.   *Id.,* Ex. 21.   As shown in Exhibit 21,
16  LivingSocial's promotion features pictures of battery cases, the price of the
17  "deal," and details about the battery cases for sale.   *Id.*   Additionally,
18  LivingSocial's promotion allows consumers to "buy now!"   *Id.*   Consumers paid
19  LivingSocial directly for the infringing battery cases.   Third Am. Compl. ¶ 38,
20  Ex. 22.

21      Despite these factual allegations of sales and offers for sale, which must
22  be accepted as true for purposes of this motion, *Bell Atlantic Corp., v. Twombly*,
23  550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), LivingSocial
24  asks the Court to dismiss mophie's claims of patent infringement at the pleading
25  stage.   Because mophie has sufficiently pled its claims, the Court should deny
26  this motion.

27  / / /

28  / / /

1. **mophie has sufficiently pled that LivingSocial did "sell" the infringing battery cases**

Even though mophie has alleged sales by LivingSocial that are sufficient under Form 18, LivingSocial argues that it could not have sold the infringing battery cases because it purportedly never owned or held title to them. This argument does not exempt LivingSocial from patent liability. Sales routinely occur where the offeror does not hold title, whether the lender retains title or it is a consignment sale. Such sellers are not exempt from infringement liability. *See Alibaba.com Hong Kong LTD v. P.S. Products, Inc.*, C 10-04457 WHA, 2012 WL 1668896, at *3 (N.D. Cal. May 11, 2012) (denying online site's motion for summary judgment on direct patent infringement where online site promoted third-party products and online site never took possession or title of products); *see also Taylor Made Golf CO., Inc. v. MJT Consulting Grp., LLC.*, 265 F. Supp. 2d 732, 735 (N.D. Tex. 2003) (holding defendant liable for trademark infringement for selling counterfeit goods under consignment agreement).

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342 (Fed. Cir. 2007) and *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005), cited by LivingSocial, are distinguishable and do not support its argument that "possession of title is a prerequisite to liability for selling a patented invention." Neither of these cases state or even imply that holding title is a pre-requisite for finding a "sale" of a patented product under § 271(a), nor do they dismiss any claims at the pleading stage.

Neither the *PharmaStem* nor *NTP* lawsuits involved the assertion of an apparatus claim, which mophie is asserting here. In *PharmaStem*, the issue was whether a service provider could be liable for contributory infringement of a method claim under 35 U.S.C. § 271(c). That is not the theory of liability or type of patent claim asserted against LivingSocial. In *NTP*, the issue was

1    whether a company's performance of some steps of a method claim as a service

2    for its customers could be considered a sale or offer to sale of a patented method

3    in the United States.   mophie has not accused LivingSocial of infringing a

4    method claim by performing a subset of the patented steps.   Rather, the basis for

5    liability is LivingSocial's sales and offers for sale of infringing battery cases,

6    which are acts of direct infringement under 35 U.S.C. § 271(a).

7        LivingSocial also relies heavily on *PharmaStem*'s discussion regarding

8    the "sale" of cord blood to argue that it has no liability for sales here.   But the

9    transaction in *PharmaStem* is not analogous to LivingSocial's activities.   In

10   *PharmaStem*, the accused infringers were service providers who collected and

11   stored customers' cord blood for a fee, and delivered the cord blood back to the

12   customers when requested to do so.   The service providers were accused of

13   contributory infringement of a method claim to a medical procedure for treating

14   persons with compromised blood and immune systems with stem cells.

15   *PharmaStem*, 491 F.3d at 1357.   After a jury trial in which extensive evidence

16   of the cord blood transactions were presented, the Federal Circuit affirmed the

17   finding of no contributory infringement by the service providers.   In particular,

18   the Court ruled that the service provider's activities did not constitute a sale for

19   purposes of contributory infringement under 35 U.S.C. § 271(c) because the

20   cord blood remained the property of the customers during the storage period.

21   *PharmaStem,* 491 F.3d at 1357-58 (concluding that a transfer of cord blood did

22   not qualify as the sale of "a material or apparatus for use in practicing a patented

23   process," as is required by 35 U.S.C. § 271(c)).   The Federal Circuit explained

24   that the service providers never "sold" the cord blood back to the customers who

25   had retained those service providers, but simply acted as "bailees" for the very

26   same cord blood that the customers had originally provided.

27       The facts in *PharmaStem* are fundamentally different from the allegations

28   here.   There is no allegation of contributory infringement of a method claim

against LivingSocial.  Nor is mophie pursuing any theory of liability based upon an argument that customers retained title to battery cases that were delivered back to them by LivingSocial.  *PharmaStem* does not demonstrate the legal insufficiency of mophie's claims of direct patent infringement.

LivingSocial's activities satisfy the elements of a sales agreement.  LivingSocial's promotion featured details necessary to constitute an offer.  It provided the price, details about the battery cases, pictures of the battery cases, and instructions on how to obtain them.  Third Am. Compl., Exs. 21-22.  Customers who paid $21 to LivingSocial received battery cases that infringed mophie's patent.  *Id.* at ¶ 38.  These allegations sufficiently state a claim for direct patent infringement against LivingSocial.

As a final argument, LivingSocial suggests that mophie cannot plead inconsistent facts within the same claim by alleging sales by both LivingSocial and Serve Global.  But a plaintiff is permitted to plead alternative and inconsistent facts and theories of relief under Fed. R. Civ. P. 8(d).  *McCalden,* 955 F.2d at 1219; *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 450 (E.D.N.Y. 2012) (holding that plaintiffs need not make a pretrial election between the theories of direct patent infringement, inducing patent infringement, and contributory patent infringement).

Moreover, LivingSocial's caselaw does not support its argument.  In *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 n.10 (S.D.N.Y. 2003), the district court stated that legal allegations—e.g., whether an agreement amounts to a "contract"—may be plead in the alternative even if the alternatives are wholly contradictory.  mophie's assertion that LivingSocial's actions amounted to a "sale" under § 271(a) is a legal allegation; it is not a "binding judicial admission" of fact.  *Id.*  Accordingly, mophie may plead in the alternative.  Further, in *In re Turnstone Sys. Sec. Litig.*, No. C 01-1256 SBA, 2003 U.S. Dist. LEXIS 26709, at *73-74 (N.D. Cal. Feb. 4, 2003) and *In re*

1   *Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001),

2   the district courts ruled on the sufficiency of the plaintiffs' Securities Act claims

3   and Exchange Act claims.   The *In re Livent, Inc.* decision explained that

4   plaintiffs cannot plead inconsistent assertions of facts in cases alleging fraud

5   because "particular information plaintiffs themselves knew and relied upon in

6   drafting their pleadings may be an essential element of a statement of a

7   sufficient claim, and because . . . only plaintiffs are in a position to assert the

8   state of their awareness and reliance as regards facts vital to their case."   *In re*

9   *Livent*, 151 F. Supp. 2d at 407.   mophie's claims of direct patent infringement

10  are not analogous to a fraud pleading, in which the plaintiffs know the state of

11  their awareness or reliance on material facts at the time of the pleading.

12      Accordingly, the Court should deny LivingSocial's motion to dismiss

13  with regard to the "sale" allegations.

14      **2.**      **mophie has sufficiently pled that LivingSocial "offered to sell"**

15      **the infringing battery cases**

16      In addition to sufficiently pleading that LivingSocial sold the infringing

17  battery cases, mophie has also sufficiently pled that LivingSocial offered to sell

18  the infringing battery cases.   LivingSocial's promotion, as described in the

19  Complaint, is an "offer to sell" as contemplated by § 271(a).

20      As noted in the case law cited by LivingSocial, the purpose of the "offer

21  to sell" language in 35 U.S.C. § 271(a) is to prevent defendants such as

22  LivingSocial from generating consumer interest in an infringing product to the

23  commercial detriment of the rightful patentee.   *See MEMC Elec. Materials v.*

24  *Mitsubishi Materials*, 420 F.3d 1369, 1376 (Fed. Cir. 2005).   Here,

25  LivingSocial's conduct in offering to sell battery cases generated significant

26  interest in the infringing battery cases, and mophie was harmed as a result.

27  Third Am. Compl. ¶¶ 106, 108-109.   This conduct is exactly the type of

28  behavior that "offer to sell" liability was meant to address.

-8-

1        Online market sites similar to LivingSocial have not avoided liability in
2    analogous circumstances.  In *Alibaba.com Hong Kong LTD v. P.S. Products,*
3    *Inc.*, C 10-04457 WHA, 2012 WL 1668896, at *1 (N.D. Cal. May 11, 2012),
4    Alibaba sought a declaratory action for non-infringement for products that were
5    promoted on its websites,  www.alibaba.com and www.aliexpress.com, which
6    provided an online market for sellers and buyers.  *Id.*  The third-party sellers in
7    the online market were not owned, controlled, or affiliated with Alibaba, and
8    they manufactured and stored their own products.  *Id.*  The sellers posted images
9    and information about the products for sale on Alibaba's websites.  *Id.*  Alibaba
10   did not pre-screen or inspect the new product listings.   *Id.*   The website
11   www.aliexpress.com allowed buyers to purchase the products directly on the
12   site, and Alibaba received a commission on the revenue from the products
13   actually sold on www.aliexpress.com.  *Id.*

14       Alibaba moved for summary judgment in its favor on the direct
15   infringement claim, and the district court analyzed whether there had been an
16   offer for sale.  The district court noted that "[t]here is no controlling decision as
17   to whether an online marketplace, such as Alibaba's websites, can be liable for
18   direct patent infringement."  *Id.* at 3.  The district court reasoned that "the
19   relevant inquiry is whether a person shopping on Alibaba's websites would have
20   reasonably believed that Alibaba, and not third-party sellers, was the seller with
21   title or possession of a product who could have entered into a contract to
22   transfer title or possession."  *Id.*  The district court identified a factual dispute as
23   to whether a reasonable buyer on aliexpress.com could have believed Alibaba
24   itself was making an offer to sell the infringing products because the name
25   "supplier" was in small font and the buyer submitted a payment to Alibaba, not
26   the "supplier."  *Id.*  Accordingly, the district court denied Alibaba's motion for
27   summary judgment.  *Id.*

28   / / /

Like Alibaba's site, LivingSocial promotes vendors' deals and accepts payment directly for the products. Third Am. Compl., Exs. 21-22.  A reasonable buyer on LivingSocial's site could have believed that LivingSocial itself was making an offer to sell the infringing battery cases, and the discovery to date has confirmed this point.   The LivingSocial promotion features all necessary information to purchase the battery case, including pictures, product details, price, and payment facility.  *Id.*  As a result, LivingSocial's conduct identified in the complaint is sufficient to constitute an offer for sale.

LivingSocial incorrectly argues that its promotion of the accused battery cases does not contain the requisite terms to be deemed a binding offer. LivingSocial's promotion features all the requisite information to qualify as a valid offer, such as product description and price quotation.  Indeed, the Federal Circuit has even found an "offer for sale" in a letter having an express statement that it was **not** an offer.  *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998) (letters featured price quotations, merchandise descriptions, and express statement that they were not offers were deemed to be an offer for sale).  The Federal Circuit reasoned that to treat such letters "as anything other than offers to sell would be to exalt form over substance."  *Id.* Because LivingSocial's materials contain sufficient details to constitute an offer for sale, the Court should reject LivingSocial's efforts to dismiss this claim.

To support its assertions of no liability for "offer for sale" under 35 U.S.C. § 271(a), LivingSocial also relies heavily on case law interpreting the "on sale" bar provisions of 35 U.S.C. § 102(b).  *See Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001) (addressing invalidity under on-sale bar of 35 U.S.C. § 102(b) on appeal from ruling on summary judgment); *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, 516 F.3d 1361, 1365 (Fed. Cir. 2008) (same); *Plumtree Software, Inc. v. Datamize, LLC*, 473 F.3d 1152, 1162 (Fed. Cir. 2006) (same); *MEMC Elec. Materials,* 420 F.3d

at 1376 (same).  These cases are distinguishable because they do not address pleading an "offer for sale" under 35 U.S.C. § 271(a), but instead focus on the facts of the individual cases on appeal from summary judgment rulings.

LivingSocial's citations to *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246 (Fed. Cir. 2000) and *Benitec Australia v. Nucleonics,* 495 F.3d 1340 (Fed. Cir. 2007) are also unavailing.  *Rotec* was a ruling on summary judgment based upon the fact that there were no third party communications of the alleged offer, whereas here LivingSocial publicly communicated its promotion to tens of thousands of customers.  *Benetic* was a declaratory judgment action in which there was no evidence that an accused infringer had expanded into the products at issue in the lawsuit, whereas here LivingSocial's offers for sale of battery cases are attached as exhibits to the complaint.

Finally, LivingSocial makes the irrelevant point that the mere advertising of a patented product cannot establish infringement.  mophie has alleged that LivingSocial did more than merely advertise – LivingSocial offered to sell battery cases, sold battery cases, and facilitated transactions in which customers obtained infringing battery cases and product manuals.  Third Am. Compl. ¶ 106.  Accordingly, this argument cannot support dismissal of mophie's patent claims.

**B.**   **mophie Has Sufficiently Pled Indirect Patent Infringement against LivingSocial**

mophie has also sufficiently pled that LivingSocial induced infringement of the '235 patent.  Inducement is the active and knowing aiding or abetting of another's direct infringement.  To prevail on a motion to dismiss, a patentee's pleading should include facts plausibly showing that the infringer specifically intended its customers to infringe the patent and knew that their customer's acts constituted infringement.  *In re Bill of Lading*, 681 F.3d at 1339.

/ / /

mophie's pleadings contain these allegations.  To support its claims for inducement, mophie has alleged that LivingSocial intended customers to infringe the '235 patent by offering to sell and selling battery cases to customers and by facilitating transactions in which customers obtained battery cases and product manuals used to infringe the '235 patent.  Third Am. Compl. ¶ 106. The customer's use of the battery cases offered for sale and sold by LivingSocial constitutes an act of direct infringement under 35 U.S.C. § 271(a) (noting "use" of a patented invention is an act of direct infringement).  The exhibits accompanying mophie's pleading demonstrate LivingSocial's role in these transactions.  Third Am. Compl. ¶ 106, Exs. 21-22.  LivingSocial set up the promotional offers, distributed the information to its customer base, offered to sell and sold battery cases, accepted payment from customers, and provided an online market site in which customers were able to obtain battery cases and product manuals used to infringe the '235 patent.  mophie has also alleged that LivingSocial knew that such materials would be used to infringe the '235 patent.  Third Am. Compl. ¶ 106.

Despite LivingSocial's arguments to the contrary, mophie has also alleged facts showing that LivingSocial knew of the infringement. LivingSocial's motion focuses on mophie's allegations regarding the similarity of the price points between LivingSocial's offers for sale and the price of mophie's battery cases.  But the Third Amended Complaint also alleges that LivingSocial had both constructive notice of the '235 patent, in view of the listing of the '235 patent on mophie's web site, and that LivingSocial had actual awareness of the '235 patent as early as August 26, 2013, when the patent was included as an exhibit to mophie's complaint.  Third Am. Compl. ¶ 40.  Despite this knowledge, LivingSocial continued to induce others to infringe the '235 patent by "continu[ing] its promotions, offers for sale and sales of infringing battery cases, continu[ing] its merchant agreement with Serve Global in which

-12-

1  LivingSocial agreed to promote battery cases provided by Source Vista and/or

2  Serve Global, and continu[ing] to facilitate transactions in which customers

3  obtained infringing battery cases." *Id.* This conduct continued despite the fact

4  that LivingSocial had the right to exclude or otherwise limit the availability of

5  these battery cases. *Id.* at ¶ 41. These allegations of LivingSocial's ongoing

6  conduct also provide factual support for mophie's allegations of indirect

7  infringement.

8      Because mophie's pleading states a claim for indirect infringement,

9  LivingSocial's efforts to dismiss these allegations at the pleading stage should

10  be rejected. *In re Bill of Lading*, 681 F.3d at 1339.

11  **C.**    **mophie Has Stated a Claim for Damages**

12  LivingSocial also asks the Court to dismiss or strike mophie's damages claim,

13  despite the fact that mophie has stated a claim for damages and alleged

14  compliance with the marking statute. Again, LivingSocial is improperly

15  seeking a substantive resolution of mophie's assertions at the pleading stage,

16  even though mophie has adequately stated a claim for damages. Compliance

17  with the marking statute is a question of fact appropriate for review on a motion

18  for summary judgment, not a motion to dismiss. *Gart v. Logitech, Inc.*, 254

19  F.3d 1334, 1339 (Fed. Cir. 2001); *see, e.g., Oracle Am., Inc. v. Google Inc.*, C

20  10-03561 WHA, 2011 WL 5576228 (N.D. Cal. Nov. 15, 2011) (addressing

21  supposed failure to mark patented products in motion for partial summary

22  judgment).

23      A patentee is entitled to recover a reasonable royalty for acts of

24  infringement. *See Apple Inc. v. Motorola, Inc.*, 2012-1548, 2014 WL 1646435

25  (Fed. Cir. Apr. 25, 2014). mophie's pleading includes allegations of harm and

26  seeks relief under 35 U.S.C. § 284, the statutory provision entitling mophie to

27  monetary damages for infringement. Third Am. Compl. ¶ 109, Prayer for Relief

28  at Paragraph L.

1    LivingSocial now seeks to limit the extent of mophie's recovery in this

2    motion to dismiss, based on an argument regarding patent marking.   Even if

3    such an argument regarding limitation of damages could be considered at the

4    pleading stage, which it cannot, mophie has complied with the marking

5    requirement.   Under 35 U.S.C. § 287, a patentee may provide notice of its

6    patents by listing the patents on its website and including instructions on its

7    packaging directing the public to that website.   mophie's pleading alleges

8    compliance with that provision by stating that it has, *inter alia*, listed the '235

9    patent on its website,  Third Am. Compl. ¶ 22, and this website is also identified

10   on mophie's packaging. *See Inzer v. Frantz*, 03 C 0552, 2003 WL 21877645, at

11   *7 (N.D. Ill. Aug. 7, 2003) (denying motion to dismiss because plaintiff

12   sufficiently pled he "complied with the notice and marking requirements of 35

13   U.S.C. § 287(a)" and whether such requirements have been met is a question of

14   fact) (citing *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir.

15   1998)); *Asentinel LLC v. Info Grp., Inc.*, 10-2706-D/P, 2011 WL 3667517, at

16   *1, 5 (W.D. Tenn. Aug. 3, 2011) (stating that a complaint claiming compliance

17   with the patent marking provisions of 35 U.S.C. § 287(a) and that the

18   defendants' infringement of the patents-in-suit was knowing and willful

19   complies with the patent marking provisions of § 287(a)).   Further, mophie's

20   pleading complies with Form 18's requirement for "a statement that the plaintiff

21   has given the defendant notice of its infringement."  *K-Tech Telecomms., Inc. v.*

22   *Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citing Fed. R.

23   Civ. P. Form 18).

24        Accordingly, the Court should reject LivingSocial's attempt to limit

25   mophie's claim for damages at the pleading stage.

26   / / /

27   / / /

28   / / /

-14-

## V. <u>CONCLUSION</u>

For the reasons set forth above, mophie respectfully requests that the Court deny LivingSocial's motion to dismiss.  To the extent the Court identifies any deficiencies in mophie's Third Amended Complaint, mophie respectfully requests leave to amend to address any such deficiency.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 1, 2014                 By:  /s/ Sheila N. Swaroop
                                                           Steven J. Nataupsky
                                                           Paul A. Stewart
                                                           Sheila N. Swaroop
                                                           Nicole Rossi Townes

                                                           Attorneys for Plaintiff
                                                           MOPHIE, INC.

18517052
072514