Steven J. Nataupsky (SBN 155,913)
steven.nataupsky@knobbe.com
Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff,
MOPHIE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOPHIE, INC., a California corporation, | ) Case No.: SACV13-01321 DMG (JEMx) |
| Plaintiff, | ) **FOURTH AMENDED COMPLAINT** |
| v. | ) **FOR TRADEMARK** |
| | ) **INFRINGEMENT, FALSE** |
| DHARMESH SHAH A.K.A. DAVID | ) **DESIGNATION OF ORIGIN,** |
| SHAH D/B/A SOURCE VISTA, an | ) **TRADEMARK DILUTION, TRADE** |
| individual; LIVINGSOCIAL, INC., a | ) **DRESS INFRINGEMENT, UNFAIR** |
| Delaware corporation; and SERVE | ) **COMPETITION, COPYRIGHT** |
| GLOBAL, LLC, a Texas limited | ) **INFRINGEMENT, AND PATENT** |
| liability company D/B/A | ) **INFRINGEMENT,** |
| SOURCEVISTA.COM, | ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** |
| | ) |

Plaintiff MOPHIE, INC. ("Plaintiff" or "mophie"), hereby complains of Defendants Dharmesh Shah a.k.a. David Shah d/b/a SOURCE VISTA ("Source Vista" or "Shah"), LIVINGSOCIAL, INC. ("LivingSocial"), and SERVE GLOBAL, LLC d/b/a SOURCEVISTA.COM (collectively "Defendants"), and alleges as follows:

## I.   JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims that relate to trademark infringement; false designation of origin; trademark dilution; trade dress infringement; federal unfair competition; and trade dress infringement pursuant to sections 34(a) and 39(a) of the Lanham Act and 15 U.S.C. §§ 1116(a) and 1121(a);  copyright infringement under 17 U.S.C. § 501 *et seq.*; and patent infringement under 35 U.S.C. § 271, pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States.   The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district.  For example, by selling and offering for sale infringing products in this judicial district, and by committing acts of patent, copyright, trade dress and/or trademark infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, Defendants' acts form a substantial part of the events or omissions giving rise to mophie's claims.

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## II.     THE PARTIES

4.     Plaintiff mophie, Inc. is a corporation organized and existing under the law of the State of California, having its principal place of business at 15101 Red Hill Avenue, Tustin, CA 92780.

5.     mophie is informed and believes, and on that basis alleges, that Defendant Dharmesh Shah a.k.a. David Shah does business as Source Vista ("Source Vista") with a principal place of business at 5316 Ambergate Lane, Dallas, Texas 75287.

6.     mophie is informed and believes, and on that basis alleges, that Source Vista operates the website www.sourcevista.com, and has done so since at least January of 2013.

7.     mophie is informed and believes, and on that basis alleges, that Defendant LivingSocial, Inc. ("LivingSocial") is a corporation organized and existing under the law of the State of Delaware, having its principal place of business at 1445 New York Ave. NW, Suite 200, Washington, D.C. 20005.

8.     mophie is informed and believes, and on and that basis alleges, that Defendant Serve Global, LLC ("Serve Global") is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 5316 Ambergate Lane, Dallas, Texas 75287, and purportedly doing business as SOURCEVISTA.COM.

9.     mophie is informed and believes, and on that basis alleges, that LivingSocial operates the website www.livingsocial.com.

## III.     COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

10.     mophie designs and develops innovative products in the consumer electronics area.  These products include several protective battery case designs for the iPhone sold by Apple, Inc. ("Apple") and other smartphones, which

provide both a protective case and a portable backup battery source that can recharge the smartphone if its internal battery is drained of power.  Throughout the United States, mophie is a market leader in protective battery case products for iPhone and other smartphones.

11.    Prior to Defendants' acts described herein, mophie developed and launched the JUICE PACK®, the first ever portable battery case certified by Apple.  mophie has now developed and launched numerous other well-known portable battery cases, including the JUICE PACK PLUS®, the JUICE PACK AIR®, and the JUICE PACK PRO®.  Apple has sold the JUICE PACK® and other mophie-designed battery cases in its retail stores.  Products designed by mophie are also sold in other retail outlets around the country, and over the internet.   These battery case products have been very successful in the marketplace.  Customers that purchase products from mophie have come to expect a high level of quality in these products, and this expectation of quality is further enhanced by the fact that mophie has been qualified by Apple as an approved supplier.

12.    In order to protect mophie's investment in the development of its proprietary technology, mophie has obtained United States patents, trademarks, and copyrights.

13.    mophie is the owner of numerous trademark registrations, including the following U.S. Trademark Registrations (the "mophie Marks"): MOPHIE®, Registration Number 3,227,723, filed June 8, 2006, and registered April 10, 2007, which is now incontestable; MOPHIE®, Registration Number 3,949,983 filed January 25, 2010, and registered April 26, 2011; MOPHIE®, Registration Number 4,329,474, filed June 26, 2012, and registered April 30, 2013; MOPHIE JUICE PACK®, Registration Number 4,065,937, filed November 17, 2010, and registered December 6, 2011; MOPHIE JUICE PACK PLUS®, Registration Number 4,065,942, filed November 18, 2010, and

registered December 6, 2011; MOPHIE JUICE PACK PRO®, Registration Number 4,195,308, filed November 18, 2010, and registered August 21, 2012; JUICE PACK®, Registration Number 4,286,345, filed September 12, 2012, and registered February 5, 2013; JUICE PACK PLUS®, Registration Number 4,331,770, filed September 12, 2012, and registered May 7, 2013; JUICE PACK AIR®, Registration Number 4,286,346, filed September 12, 2012, and registered February 5, 2013; JUICE PACK PRO®, Registration Number 4,331,771, filed September 12, 2012, and registered May 7, 2013; and JUICE PACK POWERSTATION®, Registration Number 4,331,772, filed September 12, 2012, and registered May 7, 2013.  Attached hereto as Exhibits 1-11 are true and correct copies of mophie's trademark registrations, which are incorporated herein by reference.  As a result of these registrations, mophie owns a family of JUICE PACK® marks.

14.   The mophie Marks have not been abandoned, canceled, or revoked.

15.   mophie also has common law trademark rights to the marks identified above, as well as to additional trademarks, such as its Circular Pattern trademark and its 4:11 Lock Screen trademark used in connection with battery cases.  An example of a battery case using the Circular Pattern trademark is depicted in the photograph attached hereto as Exhibit 12.  Examples of the 4:11 Lock Screen trademark, which involves an image of a phone "lock screen" that displays the time "4:11," the date "Tuesday November 11," and a full battery are shown in Exhibits 13 and 14.

16.   Each of the mophie Marks identified above constitute an enforceable trademark that uniquely identifies, *inter alia*, battery cases as emanating from, sponsored by, and/or authorized by mophie.

17.   As a result of the widespread use and display of each of the mophie Marks as a distinctive trademark identifying, *inter alia*, battery cases, (a) the public has come to recognize and identify products bearing any of the mophie

Marks as emanating from mophie, (b) the public recognizes that products bearing any of the mophie Marks constitute high quality products that conform to the specifications created by mophie, and (c) each of the mophie Marks has established strong secondary meaning and extensive goodwill.

18.    mophie sells battery cases under the mophie Marks bearing distinctive trade dress in distinctive product packaging ("MOPHIE FLAP BOX Trade Dress").   An example of the MOPHIE FLAP BOX Trade Dress is depicted in the photographs attached as Exhibit 13.

19.    The MOPHIE FLAP BOX Trade Dress is not functional.   The MOPHIE FLAP BOX Trade Dress is not essential to the use or purpose of product packaging for smartphone battery cases, does not affect the cost or quality of product packaging for smartphone battery cases, and the inability to use the MOPHIE FLAP BOX Trade Dress does not put mophie's competitors at a significant non-reputation related disadvantage.  mophie's advertising does not tout the utilitarian advantage of the MOPHIE FLAP BOX Trade Dress.

20.    Product packaging for a smartphone battery case can be accomplished without the use of the MOPHIE FLAP BOX Trade Dress, as shown in the image below:



21.  As a result of mophie's widespread use and display of the MOPHIE FLAP BOX Trade Dress in association with its battery cases, (a) the public has come to recognize and identify battery cases bearing the MOPHIE FLAP BOX Trade Dress as emanating from mophie, (b) the public recognizes that products bearing the MOPHIE FLAP BOX Trade Dress constitute high quality products that conform to the specifications created by mophie, and (c) the MOPHIE FLAP BOX Trade Dress has established strong secondary meaning and extensive goodwill.

22.  mophie is the owner of valid copyrights for its battery case packaging, including Registration No. VA 1-780-916 registered on March 30, 2011, Registration No. VA 1-814-020 registered on February 21, 2012, and Registration No. VA 1-794-977 registered on July 25, 2011.  Attached as Exhibits 14-16 are true and correct copies of mophie's copyright registrations and specimens, which are incorporated herein by reference.

23.  On February 5, 2013, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,367,235 ("the '235 Patent"), entitled "Battery Pack, Holster, and Extendible Processing and Interface Platform for Mobile Devices."   mophie is the true owner by assignment of all right, title and interest in the '235 Patent.  A true and correct copy of the '235 Patent is attached hereto as Exhibit 17.

24.  mophie has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287 by, *inter alia*, listing the '235 Patent on its website

25.  Since 2008 when mophie launched its first battery case product for iPhone, mophie has extensively developed, promoted, advertised, and marketed its JUICE PACK® line of battery cases and its associated trademarks and trade dress.

-6-

26.     On or about May 8, 2013, after the sourcevista.com website had been in operation for months or longer, Shah, purportedly on behalf of Serve Global, filed a fictitious business name certificate with the County Clerk's Office of Dallas County, Texas.  In that certificate, Shah claimed that Serve Global conducts business under the name SOURCEVISTA.COM.  In the fictitious business name certificate Shah identified the address of Serve Global as "18308 Preston Road D9-329, Dallas, Texas, 75252."  That address does not appear to exist and therefore seems to be erroneous.  Based on other records, mophie is informed and believes, and on that basis alleges that the intended address was 18208 Preston Road D9-329, Dallas, Texas, 75252, which address is a personal mailbox within a UPS Store.

27.     The "Contact Us" webpage of the SOURCEVISTA.COM website lists the following address:  P.O. Box 793983, Dallas, Texas, 75279

28.     mophie is informed and believes, and on that basis alleges, that Serve Global does not operate out of the address identified in its fictitious name certificate, or a personal mailbox, or a P.O. Box, but instead operates out of Shah's personal residence, as admitted by Defendants in their Answer to mophie's First Amended Complaint.  *See* D.I. 19, ¶ 5.

29.     In his February 3, 2014 Initial Disclosures ("Disclosures"), Shah stated that he was "an officer and/or employee of Serve Global, LLC, a Texas company, which is fictitiously doing business as Source Vista in Dallas, Texas."

30.     In his Disclosures, Shah also stated that "[h]e [Shah] has information and knowledge that he is the sole proprietor of Source Vista."

31.     Shah's Disclosures state that Shah has knowledge of "Serve Global, LLC d/b/a Source Vista purchasing products, marketing products and distributing products which plaintiff Mophie contends are or may be infringing products."

32.     Shah's Disclosures identify an individual named Sujata Shah. Shah's Disclosures state that Sujata Shah "is a manager or officer of Source Vista.  His [*sic*] business address is believed to be the same as Source Vista."

33.     While Shah's Disclosures refer to Sujata Shah as "Mr. Shah," Sujata Shah is a female residing at the same address as Shah and is Shah's wife.

34.     mophie is informed and believes, and on that basis alleges that Shah is the sole owner of defendant Serve Global, and is responsible for and directs its activities.  As such, Shah is the moving force behind Serve Global's activities.  For the reasons herein, Shah is directly and/or secondarily liable for Serve Global's activities.

35.     mophie is informed and believes, and on that basis alleges that Shah is also the sole owner of another limited liability company named Serve Global, LLC ("Serve Global Nevada"), which is organized and existing under the laws of the State of Nevada, and has a principal place of business in Dallas, Texas.

36.     mophie is informed and believes, and on that basis alleges that defendant Serve Global currently has a rating of "F" from the Better Business Bureau, as set forth at www.bbb.org/dallas.

37.     In view of the concealment of the true business address and identity of defendant Serve Global, the delayed d/b/a certificate filing of Serve Global, the attempts to hide behind other entities, and the use of erroneous information, mophie is informed and believes, and on that basis alleges that Shah is improperly attempting to avoid personal liability for his acts.

38.     For these reasons, mophie is informed and believes, and on that basis alleges, that there is such a unity of interest and ownership between Shah and Serve Global that their separate personalities do not exist, and that failure to disregard their separate existence would result in fraud or injustice.

39.     mophie is informed and believes, and on that basis alleges, that Source Vista and Serve Global knew or should have known of mophie's products, packaging, patents, trademarks, and copyrights.  Source Vista and Serve Global have offered for sale and sold products, including battery case products, on the website www.sourcevista.com, that infringe mophie's patents, copyrights, trademarks, and trade dress.  An example of the products offered for sale by Source Vista and Serve Global is shown on the website pages attached hereto as Exhibit 18.   As shown for example in Exhibit 18, Defendants promoted their battery case products using mophie's trademarks, including mophie's JUICE PACK PRO® trademark, mophie's 4:11 Lock Screen trademark, and mophie's Circular Pattern trademark.  Defendants also promoted their battery case products using the MOPHIE FLAP BOX Trade Dress.   In connection with these offers, Source Vista and Serve Global have also posted a product user manual that infringes mophie's trademarks and copyrights, attached as Exhibit 19.  Photos of an example battery case product for use with Apple's iPhone 5 smartphone that was promoted, offered for sale, and sold by Source Vista and Serve Global, along with its packaging and packaging insert is attached hereto as Exhibit 20.  That packaging bears mophie's JUICE PACK PLUS® trademark, and displays a product image that includes a phone lock screen, which displays the time "4:11," the date "Tuesday, November 11," and a full battery.

40.     Source Vista and Serve Global have directly infringed the '235 Patent by offering for sale, selling, and importing the infringing battery cases. Source Vista and Serve Global have also indirectly infringed the '235 Patent. Upon information and belief, Source Vista and Serve Global knew that customer's use of the battery cases constituted infringement of the '235 Patent. The infringing battery cases were compared to battery cases that were sold at the prices offered for mophie's patented battery cases.   For example, the

-9-

LivingSocial promotion advertised the infringing battery case at a price of $21, which was compared to a price of $90, which is the approximate price of battery cases sold at www.mophie.com.  Source Vista and Serve Global also provided customers with instructions for use of the infringing products.

41.   mophie is informed and believes, and on that basis alleges, that LivingSocial knew or should have known of mophie's products, packaging, patents, trademarks, and copyrights.  In May 2013, prior to LivingSocial's partnership with Serve Global and Source Vista, LivingSocial communicated with mophie about a potential partnership for the sale of mophie's smartphone battery cases.  During these discussions, mophie sent LivingSocial a Mophie Approved Retailer Agreement, and this Agreement was reviewed by LivingSocial.  The first paragraph of this Agreement stated that mophie had developed and continued to develop lines of products used to recharge or extend the life of batteries used in handheld devices which it sold under the trademarks 'mophie juice pack' and other trademarks owned by mophie, thus putting LivingSocial on notice of mophie's technology and trademark rights.  The discussions never resulted in a partnership between mophie and LivingSocial.

42.   LivingSocial promotes, offers for sale and sells through its website the products of others, including Source Vista and Serve Global.  In particular, LivingSocial promoted, offered for sale, and sold tens of thousands of infringing smartphone battery cases in partnership with Source Vista and Serve Global during approximately July through September 2013.

43.   More specifically, LivingSocial has engaged in the following acts which collectively constitute an offer for sale and sale of the infringing smartphone battery cases.

> a. LivingSocial included on its website an advertisement promoting the infringing smartphone battery cases, and listing a specific price of $21.00 for each infringing battery case.

b. LivingSocial included in that advertisement a link and statement which read "buy now!"

c. LivingSocial, and not its co-defendants, charged consumers who clicked on the "buy now!" link $21.00 for each infringing battery case purchased.

d. LivingSocial kept a very substantial percentage of the $21.00 sale price for itself, forwarding the remainder to its co-defendants.

e. LivingSocial's co-defendants then shipped the infringing products directly to LivingSocial's customers.

f. The infringing products were sold exclusively through LivingSocial; LivingSocial's co-defendants made no sales of the infringing products through any outlet other than LivingSocial.

g. In essence and in law, LivingSocial sold the infringing products on consignment for a substantial commission.

h. At the very least, LivingSocial created the appearance that it was selling the infringing products, such that a reasonable consumer would believe that LivingSocial was the seller of the infringing products.

44.    LivingSocial has denied in this litigation that it sells or offers to sell anything.  However, LivingSocial's denial is based entirely on its own self-serving characterization of its conduct, described herein.  LivingSocial describes itself as a mere promoter or advertiser of products.  But as described herein, LivingSocial is much more than a promoter or advertiser, and in fact offers to sell and sells the infringing products on consignment.

45.    In addition, LivingSocial did the following before entering into its partnership with Serve Global and Source Vista to promote, offer to sell, and sell the infringing smartphone battery cases:

    a. LivingSocial received and reviewed Source Vista's infringing battery case in its original packaging, which included mophie's JUICE PACK trademarks, mophie's 4:11 Lock Screen trademark, mophie's Circular Pattern trademark, and the MOPHIE FLAP BOX Trade Dress.

    b. LivingSocial reviewed Source Vista's web page advertising the infringing battery case, which again displayed mophie's JUICE PACK trademarks, mophie's 4:11 Lock Screen trademark, mophie's Circular Pattern trademark, and the MOPHIE FLAP BOX Trade Dress.

    c. LivingSocial reviewed photographs of the infringing battery case and its packaging, which once again displayed mophie's JUICE PACK trademarks, mophie's 4:11 Lock Screen trademark, mophie's Circular Pattern trademark, and the MOPHIE FLAP BOX Trade Dress.

46. The products and images infringe mophie's patents, copyrights, trademarks, and trade dress of which LivingSocial was aware.   Thus, mophie is informed and on that basis alleges, that LivingSocial knew or should have known that the smartphone battery cases sold in partnership with Serve Global and Source Vista were infringing mophie's patents, trade dress, trademarks and copyrights.  Nevertheless, LivingSocial proceeded to, promote, offer for sale, and sell tens of thousands of infringing battery cases for use with Apple's iPhone 5 smartphone in partnership with Source Vista and Serve Global.

47. Photos of an example battery case product for use with Apple's iPhone 5 smartphone that was promoted, offered for sale, and sold by LivingSocial in partnership with Source Vista and Serve Global, along with its packaging and packaging insert are attached hereto as Exhibit 20.   That packaging bears mophie's JUICE PACK PLUS® trademark, and displays a

product image that includes a phone "lock screen," which displays the time "4:11," the date "Tuesday, November 11," and a full battery.  As part of LivingSocial's promotion, offer for sale, and sale of battery case products, the LivingSocial website contains links to infringing content on the www.sourcevista.com website, the contents of which LivingSocial knew or should have known.  An example of the information and links that LivingSocial included on its website are attached hereto as Exhibit 21.

48.   LivingSocial has control over its website and the promotions offered therein.  In particular, LivingSocial controlled the time period for which the infringing smartphone battery case were offered for sale, sold and promoted. LivingSocial developed content for the promotions featured on its website. Serve Global and Source Vista were obligated to fulfill any orders placed by LivingSocial's customers, and the only infringing smartphone battery cases sold by Serve Global and Source Vista were those that were sold through the partnership with LivingSocial.  LivingSocial also reserved the right, in its sole discretion, to exclude or otherwise limit the availability of a product or service offered by LivingSocial.

49.   mophie is informed and on that basis alleges that many consumers who purchased the infringing smartphone battery cases believed that LivingSocial was the source of the product.  Attached as Exhibit 22 is an invoice for the purchase of an infringing battery case product identifying LivingSocial as the seller.  Several customers who mistakenly contacted mophie to complain about the quality of the infringing smartphone battery cases identified LivingSocial as the source of the battery cases and believed that the products were sold through a partnership between mophie and LivingSocial. The activities of LivingSocial, Source Vista, and Serve Global have caused actual confusion and mistake by customers and the public, and deceive the

public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by mophie, when they are not.

50.   LivingSocial continued to sell, offer for sale and promote the infringing smartphone battery cases even after receiving notice that mophie's intellectual property rights were being infringed.  At least one customer contacted LivingSocial during its promotion, offer for sale, and sale of the infringing smartphone battery cases in partnership with Serve Global and Source Vista and identified the infringing smartphone battery case as coming in a "mophie box."  Despite receiving this customer complaint on August 29, 2013 and this lawsuit being initiated on August 26, 2013, LivingSocial continued to require Serve Global and Source Vista to fulfill orders from LivingSocial's customers.

51.   LivingSocial has promoted, offered for sale and sold smartphone battery cases in partnership with others besides Serve Global and Source Vista, including a company named iCanonic.  In connection with its promotion, offer for sale and sale of smartphone battery cases in partnership with iCanonic, LivingSocial's webpage displayed mophie's famous JUICE PACK® Marks. Attached as Exhibit 23 is a true and correct copy of the LivingSocial webpage for smartphone battery cases in partnership with iCanonic.

52.   LivingSocial has directly infringed the '235 Patent by offering for sale and selling the infringing battery cases.  LivingSocial has indirectly infringed the '235 Patent by facilitating transactions in which customers obtained battery cases that were used to infringe the '235 Patent.  Upon information and belief, LivingSocial knew that its customers' use of these battery cases constituted infringement of the '235 Patent, because the infringing battery cases were compared in LivingSocial's promotional materials to battery cases that were sold at the prices offered for mophie's patented battery cases. For example, the LivingSocial promotion advertised the battery case at a price

-14-

of $21, which was compared to a price of $90, which is the approximate price of battery cases sold at www.mophie.com.

53.     mophie is informed and believes, and on that basis alleges, that LivingSocial had an actual or apparent partnership with Source Vista and Serve Global with respect to the promotion, offer for sale, and sale of infringing battery case products, and through that partnership induced or materially contributed to and profited from the infringing activities of Source Vista and Serve Global, had the right and ability to supervise Source Vista's and Serve Global's infringing activities, and knew or should have known of Source Vista's and Serve Global's infringing activities.

54.     In addition to mophie's constructive notice of the '235 Patent, Defendants have been aware of the '235 Patent since at least as early as August 26, 2013, when mophie filed a complaint in this Court, included allegations regarding the '235 Patent, and included a copy of the '235 Patent as an exhibit to its complaint.  Despite having knowledge of the '235 Patent, LivingSocial continued its promotions, offers for sale and sales of infringing battery cases, continued its merchant agreement with Serve Global in which LivingSocial agreed to promote battery cases provided by Source Vista and/or Serve Global, and continued to facilitate transactions in which customers obtained infringing battery cases.  Despite having knowledge of the '235 Patent, Source Vista and/or Serve Global continued its merchant agreement with LivingSocial, continued to import, offer to sell and sell infringing battery cases, and continued to provide battery cases to customers to use in an infringing manner.

55.     Upon information and belief, Defendants' infringement of the '235 Patent has been willful.  Despite receiving notice of the '235 Patent, LivingSocial continued its promotional deal for the infringing battery cases until at least August 30, 2013 and did not attempt to refund or rescind any of the vouchers for battery cases that it had sold to customers, even though

LivingSocial's Terms and Conditions, available at https://www.livingsocial.com/terms and attached hereto as Exhibit 24, expressly reserves LivingSocial's right, in its sole discretion, to exclude or otherwise limit the availability of a product or service offered by LivingSocial.  Despite receiving notice of the '235 Patent, Source Vista and Serve Global continued to import, sell, and offer to sell infringing battery cases and continued to ship infringing battery cases to customers to use.  Defendants continued these activities despite an objectively high likelihood that their actions constituted infringement of a valid U.S. patent, and Defendants knew or should have known of this objectively high risk.

56.    The battery cases offered for sale through the LivingSocial promotion and supplied by Source Vista and Serve Global infringe at least Claim 1 and Claim 45 of the '235 Patent.

## IV.    FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement and Counterfeiting)
### (15 U.S.C. § 1114)
### (Against Source Vista, Serve Global, Shah, and LivingSocial)

57.    mophie repeats and re-alleges the allegations of paragraphs 1-56 of this Complaint as if set forth fully herein.

58.    This is a claim for trademark infringement and counterfeiting arising under 15 U.S.C. § 1114.

59.    As set forth above LivingSocial has engaged in acts of direct infringement by the sale, offer for sale and distribution of battery cases in connection with one or more of the mophie Marks without mophie's consent.

60.    As set forth above, Source Vista, Serve Global and Shah have engaged in acts of direct infringement by the sale, offer for sale, distribution and import of battery cases in connection with one or more of the mophie Marks without mophie's consent.

61.     As set forth above, LivingSocial is vicariously liable for the direct acts of infringement committed by its co-defendants in view of its partnership with Serve Global, Source Vista and Shah.

62.     Upon information and belief, long after mophie's adoption and use of each of the mophie Marks, and after the federal registration of each of the mophie Marks, Defendants have affixed and used in commerce reproductions, counterfeits, copies, or colorable imitations of one or more of the mophie Marks without mophie's consent in a manner that infringes upon mophie's rights in the mophie Marks in violation of 15 U.S.C. § 1114.

63.     Without mophie's consent, Defendants use in commerce marks that are confusingly similar to the mophie Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

64.     mophie is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of mophie's ownership and prior use of the mophie Marks, and with the intent to unfairly compete with mophie, to trade upon mophie's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by mophie, when they are not.

65.     mophie is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement and counterfeiting of the mophie Marks, directly and/or indirectly, in total disregard of mophie's proprietary rights, and were done despite Defendants' knowledge that the use of the mophie Marks was and is in direct contravention of mophie's rights.

66.     mophie is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive,

gains, profits, and advantages from the use of the mophie Marks in an amount that is not presently known to mophie.  By reason of Defendants' actions, constituting unauthorized use of the mophie Marks, mophie has been damaged and is entitled to monetary relief in an amount to be determined at trial.

67.    Due to Defendants' actions, constituting unauthorized use of the mophie Marks, mophie has suffered and continues to suffer great and irreparable injury, for which mophie has no adequate remedy at law.

## V.    SECOND CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))
(Against Source Vista, Serve Global, Shah, and LivingSocial)

68.    mophie repeats and re-alleges the allegations of paragraphs 1-67 of this Complaint as if set forth fully herein.

69.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

70.    As set forth above LivingSocial has engaged in acts of direct infringement by the sale, offer for sale and distribution of battery cases in connection with one or more of the mophie Marks without mophie's consent.

71.    As set forth above, Source Vista, Serve Global and Shah have engaged in acts of direct infringement by the sale, offer for sale, distribution and import of battery cases in connection with one or more of the mophie Marks without mophie's consent.

72.    As set forth above, LivingSocial is vicariously liable for the direct acts of infringement committed by its co-defendants in view of its partnership with Serve Global, Source Vista and Shah.

73.    Defendants' use of the mophie Marks and mophie's common law trademarks without mophie's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of

fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

74.     Defendants' use of the mophie Marks and mophie's common law trademarks without mophie's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

75.     Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of Defendants' products or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by mophie or are in some way affiliated or connected with mophie, when they are not, all in violation of 15 U.S.C. § 1125(a).

76.     Upon information and belief, Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

77.     mophie is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to mophie.  By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, mophie has been damaged and is entitled to monetary relief in an amount to be determined at trial.

78.     Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, mophie has suffered and continues to suffer great and irreparable injury, for which mophie has no adequate remedy at law.

## VI.    THIRD CLAIM FOR RELIEF

(Federal Trademark Dilution)
(15 U.S.C. § 1125(c))
(Against Source Vista, Serve Global, Shah, and LivingSocial)

79.     mophie repeats and re-alleges the allegations of paragraphs 1-78 of this Complaint as if set forth fully herein.

80.     This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

81.     The products sold by mophie under the mophie Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

82.     Products sold under the mophie Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions.  As a result, the mophie Marks, and the goodwill associated therewith, are of great value to mophie.

83.     By virtue of the wide renown acquired by the mophie Marks, coupled with the national and international distribution and extensive sale of various products distributed under this trademark, each of the mophie Marks has become famous.

84.     Upon information and belief, Defendants' actions were done willfully with intent to exploit mophie's reputation and dilute the mophie Marks.

85.    By reason of the aforesaid acts constituting trademark dilution, mophie has been damaged and is entitled to monetary relief in an amount to be determined at trial.

86.    Due to Defendants' actions, constituting trademark dilution, mophie has suffered and continues to suffer great and irreparable injury, for which mophie has no adequate remedy at law.

## VII.    <u>FOURTH CLAIM FOR RELIEF</u>

(California Common Law Trademark Infringement)
(Against Source Vista, Serve Global, Shah, and LivingSocial)

87.    mophie repeats and re-alleges the allegations of paragraphs 1-86 of this Complaint as if set forth fully herein.

88.    This is a claim for trademark infringement, arising under California common law.

89.    Defendants' acts complained of herein constitute trademark infringement under California common law.  mophie is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the mophie Marks and mophie's common law trademarks causes a likelihood of confusion.

90.    mophie is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to mophie.  By reason of Defendants' wrongful acts as alleged in this Complaint, mophie has been damaged and is entitled to monetary relief in an amount to be determined at trial.

91.    Due to Defendants' trademark infringement, mophie has suffered and continues to suffer great and irreparable injury for which mophie has no adequate remedy at law.

92.     Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression, and malice.  Accordingly, mophie is entitled to exemplary damages.

### VIII.     FIFTH CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))
(Against Defendant Source Vista, Serve Global, Shah, and LivingSocial)

93.     mophie repeats and re-alleges the allegations of paragraphs 1-92 of this Complaint as if set forth fully herein.

94.     This is a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

95.     As set forth above LivingSocial has engaged in acts of direct infringement by the sale, offer for sale and distribution of battery cases in connection with the Circular Pattern trademark and the 4:11 Lock Screen trademark without mophie's consent.

96.     As set forth above, Source Vista, Serve Global and Shah have engaged in acts of direct infringement by the sale, offer for sale, distribution and import of battery cases in connection with the Circular Pattern trademark and the 4:11 Lock Screen trademark without mophie's consent.

97.     As set forth above, LivingSocial is vicariously liable for the direct acts of trademark infringement committed by its co-defendants in view of its partnership with Serve Global, Source Vista and Shah.

98.     Defendants' use of the Circular Pattern trademark and the 4:11 Lock Screen trademark without mophie's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with

1  another person, or as to the origin, sponsorship, or approval of his or her goods

2  or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

3      99.    Defendants' use of the Circular Pattern trademark and the 4:11

4  Lock Screen trademark without mophie's consent constitutes a false designation

5  of origin, false or misleading description of fact, or false or misleading

6  representation of fact, which in commercial advertising or promotion,

7  misrepresents the nature, characteristics, qualities, or geographic origin of his or

8  her or another person's goods or commercial activities in violation of 15 U.S.C.

9  § 1125(a).

10     100.  Such conduct by Defendants is likely to confuse, mislead, and

11  deceive Defendants' customers, purchasers, and members of the public as to the

12  origin of Defendants' products or cause said persons to believe that Defendants

13  and/or their products have been sponsored, approved, authorized, or licensed by

14  mophie or are in some way affiliated or connected with mophie, when they are

15  not, all in violation of 15 U.S.C. § 1125(a).

16     101.  Upon information and belief, Defendants' actions were undertaken

17  willfully with full knowledge of the falsity of such designation of origin and

18  false descriptions or representations.

19     102.  mophie is informed and believes, and thereon alleges, that

20  Defendants have derived and received, and will continue to derive and receive,

21  gains, profits, and advantages from Defendants' false designation of origin, false

22  or misleading statements, descriptions of fact, or false or misleading

23  representations of fact in an amount that is not presently known to mophie.  By

24  reason of Defendants' actions, constituting false designation of origin, false or

25  misleading statements, false or misleading descriptions of fact, or false or

26  misleading representations of fact, mophie has been damaged and is entitled to

27  monetary relief in an amount to be determined at trial.

28

103.   Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, mophie has suffered and continues to suffer great and irreparable injury, for which mophie has no adequate remedy at law.

## IX.   SIXTH CLAIM FOR RELIEF

(Federal Trade Dress Infringement)
(15 U.S.C. § 1125(a))
(Against Defendant Source Vista, Serve Global, Shah, and LivingSocial)

104.   mophie repeats and re-alleges the allegations of paragraphs 1-103 of this Complaint as if set forth fully herein.

105.   This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

106.   As a result of the widespread use and display of the MOPHIE FLAP BOX Trade Dress, the trade dress has acquired secondary meaning to potential purchasers, in that potential purchasers have come to associate battery cases bearing the design of the MOPHIE FLAP BOX Trade Dress with mophie.

107.   Subsequent to mophie's use and adoption of the MOPHIE FLAP BOX Trade Dress, Defendants have developed, advertised, and/or sold battery cases that use trade dress that is confusingly similar to the MOPHIE FLAP BOX Trade Dress.  For example, Defendants' battery cases for iPhone use trade dress that is confusingly similar to the MOPHIE FLAP BOX Trade Dress.

108.   As set forth above LivingSocial has engaged in acts of direct infringement by the sale, offer for sale and distribution of battery cases with packaging confusingly similar to the MOPHIE FLAP BOX Trade Dress without mophie's consent.

109.   As set forth above, Source Vista, Serve Global and Shah have engaged in acts of direct infringement by the sale, offer for sale, distribution and

import of battery cases with packaging confusingly similar to the MOPHIE FLAP BOX Trade Dress without mophie's consent.

110. As set forth above, LivingSocial is vicariously liable for the direct acts of infringement committed by its co-defendants in view of its partnership with Serve Global, Source Vista and Shah.

111. Defendants' use of these features in connection with their battery cases constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with mophie.

112. Defendants' false designation of origin, when used in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods by representing to consumers that Defendants' products have the same nature, characteristics, qualities, and origin as mophie's products.

113. Upon information and belief, Defendants' acts of trade dress infringement were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

114. mophie is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' trade dress infringement in an amount that is not presently known to mophie.  By reason of Defendants' actions, constituting trade dress infringement, mophie has been damaged and is entitled to monetary relief in an amount to be determined at trial.

115. Due to Defendants' actions, constituting trade dress infringement, mophie has suffered and continues to suffer great and irreparable injury, for which mophie has no adequate remedy at law.

## X.   SEVENTH CLAIM FOR RELIEF

(California Unfair Competition)
(Against Defendant Source Vista, Serve Global, Shah, and LivingSocial)

116.   mophie repeats and re-alleges the allegations of paragraphs 1-115 of this Complaint as if set forth fully herein.

117.   This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

118.   Defendants' acts of trademark infringement, false designation of origin, trademark dilution, trade dress infringement, and copyright infringement complained of herein constitute unfair competition with mophie under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

119.   mophie is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to mophie.  By reason of Defendants' wrongful acts as alleged in this Complaint, mophie has been damaged and is entitled to monetary relief in an amount to be determined at trial.

120.   By their actions, Defendants have injured and violated the rights of mophie and have irreparably injured mophie, and such irreparable injury will continue unless Defendants are enjoined by this Court.

## XI.   EIGHTH CLAIM FOR RELIEF

(Copyright Infringement)
(Against Source Vista, Serve Global, Shah, and LivingSocial)

121.   mophie repeats and re-alleges the allegations of paragraphs 1-120 of this Complaint as if set forth fully herein.

122.   This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*

123.   mophie is the owner of a valid and enforceable copyright in its product packaging and inserts used in connection with its battery case products. The product packaging and inserts contains copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

124.   mophie has complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Works, and has obtained Copyright Registrations Nos. VA 1-780-916, VA 1-814-020, and VA 1-794-977 for its product packaging and inserts.

125.   As set forth above LivingSocial has engaged in acts of direct infringement by the sale, offer for sale and distribution of battery cases and manuals that copy mophie's Copyrighted Works without mophie's consent.

126.   As set forth above, Source Vista, Serve Global and Shah have engaged in acts of direct infringement by the sale, offer for sale, distribution and import of battery cases and manuals that copy mophie's Copyrighted Works without mophie's consent.

127.   As set forth above, LivingSocial is vicariously liable for the acts of infringement committed by its co-defendants in view of its partnership with Serve Global, Source Vista and Shah, the direct financial interest it received from the sales of the infringing products, and its right and ability to supervise the availability of products shipped by its co-defendants.

128.   As set forth above, LivingSocial has contributed to the acts of copyright infringement committed by its co-defendants in view of its knowledge of its co-defendants' activities and its partnership with these co-defendants.

129.   Defendants' deliberate copying of mophie's copyrighted works infringes and continues to infringe mophie's copyrights in violation of 17 U.S.C. § 501(a).  Defendants are directly and indirectly infringing on mophie's exclusive right to reproduce copies, make derivative works, and distribute copies of its copyrighted works under 17 U.S.C. § 106(1)–(3).

130.   Upon information and belief, Defendants' infringement has been willful and deliberate.

131.   Defendants' acts have injured mophie in an amount to be determined at trial.

132.   mophie is being irreparably damaged by Defendants' infringement of mophie's copyrights, and has no adequate remedy at law to address the harm Defendants are causing.

## XII.   NINTH CLAIM FOR RELIEF

(Patent Infringement)

(Against Source Vista, Serve Global, Shah and LivingSocial)

133.   mophie repeats and realleges the allegations of Paragraphs 1-132 of this Complaint as if set forth fully herein.

134.   This is a claim for patent infringement under 35 U.S.C. § 271.

135.   Living Social through its agents, employees and servants, has knowingly, intentionally and willfully directly infringed and induced infringement of the '235 Patent in violation of 35 U.S.C. § 271 by offering for sale and selling battery case products that are covered by one or more claims of the '235 Patent and by facilitating transactions in which customers obtained infringing battery cases and product manuals, while knowing that such materials would be used to infringe the '235 Patent.

136.   Source Vista and/or Serve Global through its agents, employees and servants, has knowingly, intentionally and willfully directly infringed and induced infringement of the '235 Patent in violation of 35 U.S.C. § 271 by importing, offering for sale and selling battery case products that are covered by one or more claims of the '235 Patent and by providing infringing battery cases and product manuals to customers, while knowing that such battery cases would be used to infringe the '235 Patent.

137. Defendants' acts of infringement of the '235 Patent were undertaken without permission or license from mophie.  Defendants had actual knowledge and constructive knowledge of the '235 Patent, and their actions constitute willful and intentional infringement of the '235 Patent.  Defendants infringed the '235 Patent with reckless disregard of mophie's patent rights.  Defendants knew or should have known that their actions constitute infringement of the '235 Patent.  Defendants acts of infringement of the '235 Patent were not consistent with the standards of commerce for their industry.

138.   mophie is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' patent infringement in an amount that is not presently known to mophie.  Defendants' acts have injured mophie in an amount to be determined at trial.

139.   mophie is being irreparably damaged by Defendants' infringement of mophie's '235 Patent and has no adequate remedy at law to address the harm Defendants are causing.

### XIII.   PRAYER FOR RELIEF

**WHEREFORE**, mophie prays for judgment in its favor against Defendants for the following relief:

A.   A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

> 1. using any of the mophie Marks, or any other mark, symbol, or logo that is confusingly similar to any of the mophie Marks on

or in connection with any goods, including but not limited to, battery cases;

2. using the MOPHIE FLAP BOX Trade Dress, or any other trade dress that is confusingly similar to the MOPHIE FLAP BOX Trade Dress;

3. falsely designating the origin of Defendants' goods;

4. copying, reproducing, distributing, displaying, or creating derivative works of mophie's copyrighted works;

5. unfairly competing with mophie in any manner whatsoever;

6. making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

7. causing a likelihood of confusion or injuries to mophie's business reputation;

8. manufacturing, using, displaying, distributing, or selling any goods that infringe any of the mophie Marks, the Circular Pattern trademark, the 4:11 Lock Screen trademark, or the MOPHIE FLAP BOX trade dress; and

9. directly and indirectly infringing the '235 Patent in violation of 35 U.S.C. § 271.

B.     That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, trademark dilution, trade dress infringement, unfair competition, and patent infringement complained of in this Complaint.

C.     That Defendants' acts of trademark infringement and counterfeiting, false designation of origin, trademark dilution, trade dress infringement, unfair competition, and patent infringement complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that mophie be entitled to enhanced damages.

D.    That mophie be awarded damages for Defendants' trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1117 in the form of either: (i) Defendants' profits, damages sustained by mophie, and the costs of the action; or (ii) statutory damages pursuant to 15 U.S.C. § 1117(c), at mophie's election before the entry of a final judgment.

E.    That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. § 1117(b), to properly compensate mophie for Defendants' actions.

F.    That Defendants violated 17 U.S.C. § 501(a) by infringing mophie's Copyright Registration Nos. VA 1-780-916, VA 1-814-020, and VA 1-794-977.

G.    That mophie be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if mophie elects, that mophie be awarded statutory damages pursuant to 17 U.S.C. § 504.

H.    That mophie be awarded its reasonable costs, expenses, and attorneys' fees pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117, and/or 35 U.S.C. § 285.

I.    That Defendants be required to deliver and destroy within thirty (30) days all devices, literature, advertising, packaging, goods, and other materials bearing the infringing trademarks, trade dress, or copyrighted works pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

J.    The mophie be awarded damages for Defendants' trade dress infringement, common law trademark infringement, and unfair competition pursuant to California Business & Professions Code § 17200 *et seq*.

K.    That Defendants' acts of trade dress infringement and unfair competition complained of in this Complaint be deemed willful; that this be deemed an exceptional case; and that mophie be entitled to enhanced damages.

L.    That Defendants pay to mophie all damages suffered by mophie as a result of Defendants' infringement of the '235 Patent pursuant to 35 U.S.C. § 284.

M.    That mophie be awarded treble damages and/or exemplary damages because of Defendants' willful patent infringement pursuant to 35 U.S.C. § 284.

N.    An award of pre-judgment and post-judgment interest  and costs of this action against Defendants.

O.    Such other and further relief as this Court may deem just.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 8, 2014            By:  /s/ Sheila N. Swaroop
                                      Steven J. Nataupsky
                                      Paul A. Stewart
                                      Sheila N. Swaroop
                                      Nicole Rossi Townes

Attorneys for Plaintiff, MOPHIE, INC.

1    **<u>DEMAND FOR TRIAL BY JURY</u>**

2        Plaintiff mophie, Inc. hereby demands a trial by jury on all issues so

3    triable.

4

5                                   KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7    Dated: August 8, 2014          By:  _/s/ Sheila N. Swaroop_

8                                        Steven J. Nataupsky
                                         Paul A. Stewart
9                                        Sheila N. Swaroop
                                         Nicole Rossi Townes

10                                  Attorneys for Plaintiff, MOPHIE, INC.

11   18109111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -33-