Steven J. Nataupsky (SBN 155,913)
steven.nataupsky@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404 / Facsimile: 949-760-9502

Attorneys for Plaintiff, MOPHIE, INC.

Dariush G. Adli (SBN 204,959)
adli@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, CA 90071
Telephone: 213-623-6546 / Facsimile: 213-623-6554

Attorney for Defendants, DHARMESH SHAH A.K.A. DAVID SHAH D/B/A SOURCE VISTA, LIVINGSOCIAL, INC., and SERVE GLOBAL, LLC D/B/A SOURCEVISTA.COM

Laura A. Wytsma (SBN 189,527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310-282-2000 / Facsimile: 310-282-2200

Attorney for Defendant, LIVINGSOCIAL, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MOPHIE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> DHARMESH SHAH A.K.A. DAVID SHAH D/B/A SOURCE VISTA, an individual; LIVINGSOCIAL, INC., a Delaware corporation; and SERVE GLOBAL, LLC, a Texas limited liability company D/B/A SOURCEVISTA.COM, <br><br> Defendants. | Case No.: SACV 13-01321 DMG (JEMx) <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> The Hon. Dolly M. Gee <br> District Judge <br><br> Hon. John E. McDermott <br> Magistrate Judge |

1  Plaintiff mophie, Inc. ("Plaintiff" or "mophie") and Defendants Dharmesh
2  Shah a.k.a. David Shah d/b/a Source Vista, LivingSocial, Inc., and Serve
3  Global, LLC, d/b/a sourcevista.com, ("Defendants"), recognizing that each may
4  have confidential business, financial, and/or trade secret information relevant to
5  the subject matter of this lawsuit that would otherwise be subject to discovery,
6  have agreed to this Protective Order on the terms set forth below. It appearing to
7  the Court that the parties have agreed to the terms of an appropriate Protective
8  Order to govern discovery proceedings in this action, and for good cause shown,
9  IT IS HEREBY ORDERED that:
10 1.  This Order shall apply to all information produced during
11 discovery in this action that shall be designated by the party or person producing
12 it as "Confidential" or "Confidential-Attorney's Eyes Only" (collectively
13 "Confidential Information"). This Order shall not apply to information that,
14 before disclosure, is properly in the possession or knowledge of the party to
15 whom such disclosure is made, or is public knowledge. The restrictions
16 contained in this Order shall not apply to information that is, or after disclosure
17 becomes, public knowledge other than by an act or omission of the party to
18 whom such disclosure is made, or that is legitimately acquired from a source not
19 subject to this Order.
20 2.  If an exhibit, pleading, interrogatory answer, or admission
21 (collectively "discovery response"), document or thing (collectively "document
22 or thing"), or a deposition transcript, other transcript of testimony, or declaration
23 or affidavit (collectively "testimony") contains information considered
24 confidential by a party, such exhibit, pleading, discovery response, document or
25 thing, or testimony shall be designated "Confidential" or "Confidential-
26 Attorney's Eyes Only" by the party contending there is confidential information
27 therein.
28

3. If an exhibit, pleading, discovery response, document or thing, testimony or other court submission is designated "Confidential" or "Confidential-Attorney's Eyes Only," the legend "Confidential" or "Confidential-Attorney's Eyes Only" (in such a manner as will not interfere with the legibility thereof), or a substantially similar variation thereof, shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the Receiving Party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorney's Eyes Only" only when it contains the following highly sensitive information: financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the Producing Party at a competitive disadvantage if the information became known to employees of the Receiving Party or third parties.

5. All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorney's Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation, including any post-trial or appellate proceedings, and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorney's Eyes

Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the Receiving Party) shall be deemed "Confidential-Attorney's Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorney's Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 11-12.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorney's Eyes Only" at the time of the testimony or deposition, or within fifteen (15) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorney's Eyes Only" by notifying the other party, in writing, within fifteen (15) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorney's Eyes Only" for a period of fifteen (15) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 12 to review documents or materials designated "Confidential-Attorney's Eyes Only" on behalf of that non-designating party.

8. All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential" or "Confidential-Attorney's Eyes Only," by any party, or any pleading or memorandum purporting to reproduce,

paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential" or "Confidential-Attorney's Eyes Only," or with a substantially similar variation thereof. The parties shall seek Court approval to file such papers under seal according to the procedures outlined in L.R. 79-5.1 by filing an application to file the papers – or the confidential portions thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. As used in this Protective Order, "Outside Counsel of Record" refers exclusively to the attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Knobbe, Martens, Olson & Bear, LLP; Adli Law Group P.C., and Loeb & Loeb LLP, or such additional person as may be ordered by the Court, or subsequently may be agreed upon by the parties.

10. As used in this Protective Order, "independent experts or consultants" refers exclusively to a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

11. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Outside Counsel of Record for either party, and to the persons designated below:

(a) a party, or an officer, director, or designated employee of a party deemed necessary by Outside Counsel of Record to aid in the prosecution, defense, or settlement of this action;

    (b) independent experts or consultants (together with their clerical staff) retained by such Outside Counsel of Record to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) agents of Outside Counsel of Record needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

    (e) witnesses in any deposition or other proceeding of this action;

    (f) any other persons as to whom the parties in writing agree.

  12. Material designated as "Confidential-Attorney's Eyes Only" that has been obtained from mophie or Defendants during the course of this proceeding may be disclosed or made available only to the Court, to Outside Counsel of Record for either party, and to the persons designated below:

    (a) independent experts or consultants (together with their clerical staff) retained by such Outside Counsel of Record to assist in the prosecution, defense, or settlement of this action;

    (b) authors and recipients of any material bearing a "Confidential-Attorney's Eyes Only" designation;

    (c) court reporter(s) employed in this action;

    (d) agents of Outside Counsel of Record needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by

Outside Counsel of Record, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

  (e) witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past; and

  (f) any other persons as to whom the parties in writing agree.

 13. The right of any independent expert or consultant to receive any Confidential Information will be subject to the advance approval of such expert or consultant by the designating party or by permission of the Court.

  (a) The party seeking approval of an independent expert or consultant must provide the designating party with a written notification, which includes the name and curriculum vitae of the proposed independent expert or consultant that includes a description of the expert or consultant's employment and consulting history during the past four years, and an executed copy of the form attached hereto as Exhibit 1, at least five (5) calendar days in advance of providing any Confidential Information of the designating party to the expert or consultant.

  (b) If the designating party does not convey an objection to the proposed disclosure within five (5) calendar days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

  (c) If within five (5) calendar days of receipt of the written notification, the designating party gives notification of its objection to the disclosure of Confidential Information to the expert or consultant identified by written notice pursuant to Paragraph 2(c)(i), there shall be no disclosure to the

expert/consultant at issue until such objection is resolved. The objection shall state the reasons why the designating party believes the identified individuals should not receive Confidential Material.

(d) If after meeting and conferring, the Parties do not otherwise resolve the dispute, the designating party must seek relief from the Court, by way of filing a motion within fourteen (14) days of the meet and confer. The filing and pendency of any such motion shall not limit, delay, or defer any disclosure of the Confidential Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery.

14. All Confidential Information used at a hearing or at trial shall become public absent a separate order from the Court upon written motion and sufficient cause shown. Any documents filed with the Court that contain Confidential Information shall follow the procedures set forth in Paragraph 8. If any party desires at a hearing or at trial to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information. The party seeking to use the Confidential Information must provide the party that produced such Confidential Information sufficient time to request an order from the Court to limit the offer of such Confidential Information. The party seeking to use the Confidential Information stipulates that good cause exists and agrees to assist in any application or motion to preserve the confidentiality of such Confidential Information.

15. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who

made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

16. A Receiving Party who objects to the designation of any discovery response, document, or thing or testimony as "Confidential" or "Confidential-Attorney's Eyes Only" shall state the objection by letter to counsel for the Producing Party. If the objection cannot be resolved within five (5) days (exclusive of weekend days and federal holidays) following receipt of the objection, the Receiving Party may move the Court to determine whether the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorney's Eyes Only." If the Receiving Party files such a motion, the discovery response, document, or thing or testimony at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order until and unless the Court rules otherwise. If the Receiving Party files such a motion, the Producing Party shall bear the burden of establishing that the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorney's Eyes Only." Nothing herein shall operate as an admission by any Party that any particular discovery response, document, or thing or testimony contains "Confidential" or "Confidential-Attorney's Eyes Only" Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the propriety of the designation of any discovery response, document, or thing or testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable

time. Further, a Party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any discovery response, document, or thing or testimony to the Court for any purpose.

17. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorney's Eyes Only" or a substantially similar variation thereof, or marks it with an incorrect level of confidentiality, the Producing Party may give written notice to the Receiving Party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. The Producing Party shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; (ii) promptly use best efforts to retrieve the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit 1 to this Protective Order; and (iii) promptly make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification

of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

18. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

19. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorney's Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) whether any particular information is or is not Confidential Information;

(b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

20. The terms of the Protective Order are applicable to Confidential Information produced by a non-party, such non-party may designate Confidential Information produced by it in connection with this litigation, and that Confidential Information is protected by the remedies and relief provided by the Protective Order.

21. Within thirty (30) days following the conclusion of litigation between the parties, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the Producing Party, or disposed of by the Receiving Party. If disposed of, the Receiving Party shall, upon request, provide the Producing Party with a certificate of disposal.

22. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

**IT IS SO ORDERED.**

Dated: 8/13/14

Hon. John E. McDermott
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

Dated: August 11, 2014   By: /s/ *Sheila N. Swaroop*
　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　Steven J. Nataupsky
　　　　　　　　　　　　　　　Paul A. Stewart
　　　　　　　　　　　　　　　Sheila N. Swaroop
　　　　　　　　　　　　　　　Nicole Rossi Townes

　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　MOPHIE, INC.

Dated: August 11, 2014   By: /s/ *Dariush G. Adli* (with permission)
　　　　　　　　　　　　　　ADLI LAW GROUP P.C.
　　　　　　　　　　　　　　　Dariush G. Adli

　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　DHARMESH SHAH a.k.a. DAVID SHAH
　　　　　　　　　　　　　　d/b/a SOURCE VISTA, LIVINGSOCIAL,
　　　　　　　　　　　　　　INC., and SERVE GLOBAL, LLC D/B/A
　　　　　　　　　　　　　　SOURCEVISTA.COM

Dated: August 11, 2014   By: /s/ *Laura A. Wytsma* (with permission)
　　　　　　　　　　　　　　LOEB & LOEB, LLP
　　　　　　　　　　　　　　　Laura A. Wytsma

　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　LIVINGSOCIAL, INC.

# EXHIBIT 1: CONFIDENTIALITY UNDERTAKING

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOPHIE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DHARMESH SHAH A.K.A. DAVID SHAH D/B/A SOURCE VISTA, an individual; LIVINGSOCIAL, INC., a Delaware corporation; and SERVE GLOBAL, LLC, a Texas limited liability company D/B/A SOURCEVISTA.COM,<br><br>Defendants. | Case No.:<br>SACV 13-01321 DMG (JEMx) |

## CONFIDENTIALITY UNDERTAKING

I, _____, [print or type full name], of _____ [print or type full address, and identify company, partnership or organization and its address if applicable], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above-captioned action. I, and my above-identified company, partnership or organization, agree to comply with and be bound by all the terms of this Stipulated Protective Order and I, and my above-identified company, partnership or organization, understand and acknowledge that failure to so comply could expose me and my above-identified company, partnership or organization to sanctions and punishment in the nature of contempt. I solemnly

-13-

promise, on my own behalf and on behalf of all staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, that there will be no disclosure in any manner of any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I, and my above-identified company, partnership or organization, further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I am a duly authorized representative of _____ [identify company, partnership or organization if applicable] and have full authority to enter into this Undertaking on behalf of the above-identified company, partnership or organization as of the date set forth below.

I, and my above-identified company, partnership or organization, hereby appoint, _____, [print or type full name], of _____[print or type full address and telephone number], as a California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:
_____

Printed name: _____

Signature: _____

18216427

-14-