Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
**ADLI LAW GROUP P.C.**
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile:  213-623-6554

Attorney for Defendants,
DHARMESH SHAH a/k/a DAVID SHAH d/b/a/ SOURCE VISTA,
and SERVE GLOBAL, LLC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>DHARMESH SHAH A.K.A. DAVID SHAH D/B/A SOURCE VISTA, an individual; LIVINGSOCIAL, INC., a Delaware corporation; and SERVE GLOBAL, LLC, a TEXAS limited liability company D/B/A SOURCEVISTA.COM<br><br>Defendants. | Case No. 13-CV-01321-DMG-(JEMx)<br><br>DEFENDANTS DHARMESH SHAH D/B/A SOURCE VISTA AND SERVE GLOBAL, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS FOURTH AMENDED COMPLAINT<br><br>Complaint filed:  August 26, 2013<br>Trial Date:  November 4, 2014<br>Judge:  Honorable Dolly M. Gee |

Defendants Dharmesh Shah a/k/a. David Shah d/b/a Source Vista and Serve Global, LLC ("DEFENDANTS"), hereby sets forth its Answer to Plaintiff mophie, Inc.'s ("MOPHIE" or "PLAINTIFF") Fourth Amended Complaint ("FAC"), as follows:

# I.     JURISDICTION AND VENUE

1.  DEFENDANTS' admit that MOPHIE has filed a trademark, copyright and patent infringement suit against DEFENDANTS' and that this Court has subject matter jurisdiction over this case, but deny the remaining allegations in Paragraph 1 of PLAINTIFFS' FOURTH AMENDED COMPLAINT.

2.  Denied

3.  Admitted.

# II.     THE PARTIES

4.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

5.  DEFENDANTS admit that Source Vista has its principal place of business at 5316 Ambergate Lane, Dallas, Texas 75287, but deny the remaining allegations of this paragraph.

6.  Admitted.

7.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

8.  DEFENDANTS admit that Serve Global, LLC has its principal place of business at 5316 Ambergate Lane, Dallas, Texas 75287, but deny the remaining allegations of this paragraph.

9.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

### III.        COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

10.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

11.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

12.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

13.  DEFENDANTS admit that Exhibits 1-11 are copies of purported U.S. Trademark Registrations but otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

14.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

15.  DEFENDANTS admit that Exhibits 12-14 are purported pictures of the alleged trademarks but otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

16.  DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

17.   DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

18.   DEFENDANTS admit that Exhibit 13 is a purported picture of the MOPHIE FLAP BOX but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

19.   The allegations contained in this paragraph concern legal conclusions which will be determined by the Court.  Concerning other allegations contained in this paragraph, DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

20.   DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

21.   DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

22.   DEFENDANTS admits that Exhibits 14-16 are copies of purported U.S. Copyright Registrations but otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

SHAH AND SERVE GLOBAL'S ANSWER TO MOPHIE'S FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

23.   DEFENDANTS admits that Exhibit 17 is a copy of U.S. Patent No. 8,367,235 but otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

24.   DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

25.   DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

26.   DEFENDANTS admit that they filed a fictitious business name certificate under the name Sourcevista.com and that the address for Serve Global on that certificate was listed at 18308 Preston Road D9-329, Dallas, Texas 75252, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the FOURTH AMENDED COMPLAINT and, on that basis deny the remaining allegations of that paragraph.

27.   Admitted.

28.   DEFENDANTS admit that Serve Global does not operate out of a personal mailbox but deny the remaining allegations contained in paragraph 28 of the FOURTH AMENDED COMPLAINT.

29.   The allegations contained in this paragraph directly quote information contained in other documents and therefore do not require a response.

30.   The allegations contained in this paragraph directly quote information contained in other documents and therefore do not require a response.

31.   The allegations contained in this paragraph directly quote information contained in other documents and therefore do not require a response.

SHAH AND SERVE GLOBAL'S ANSWER TO MOPHIE'S FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

32. The allegations contained in this paragraph directly quote information contained in other documents and therefore do not require a response.

33. DEFENDANTS admit that Sujata is a female and that Sujata is DEFENDANT's spouse, but otherwise deny the remaining allegations contained paragraph 33 of the FOURTH AMENDED COMPLAINT.

34. Denied.

35. Denied.

36. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph..

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## IV.     FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement and Counterfeiting)

(15 U.S.C. § 1114)

(Against Source Vista, Serve Global, Shah, and LivingSocial)

57. DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-56 of this Answer as though set forth fully herein.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## V.     SECOND CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin)

SHAH AND SERVE GLOBAL'S ANSWER TO MOPHIE'S FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

(15 U.S.C. § 1125(a))

(Against Source Vista, Serve Global, Shah, and LivingSocial)

68. DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-67 of this Answer as though set forth fully herein.

69. Admitted.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## VI.   THIRD CLAIM FOR RELIEF

(Federal Trademark Dilution)

(15 U.S.C. § 1125(c))

(Against Source Vista, Serve Global, Shah, and LivingSocial)

79. DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-78 of this Answer as though set forth fully herein.

80. DEFENDANTS admit that Plaintiff has made a claim for trademark dilution but deny the remaining allegation contained in this paragraph.

81. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

82. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

83. DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

84.   Denied.

85.   Denied.

86.   Denied.

## VII.       FOURTH CLAIM FOR RELIEF

(California Common Law Trademark Infringement)

(Against Source Vista, Serve Global, Shah, and LivingSocial)

87. DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-86 of this Answer as though set forth fully herein.

88. DEFENDANTS admit that Mophie has made a claim for trademark infringement but deny the remaining allegations contained in this paragraph.

89. DEFENDANTS admit that Mophie has made a claim for trademark infringement but deny the remaining allegations contained in this paragraph.

90.  Denied.

91.  Denied.

92.  Denied.

///

///

///

///

SHAH AND SERVE GLOBAL'S ANSWER TO MOPHIE'S FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## VIII.     FIFTH CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin)

(15 U.S.C. § 1125(a))

(Against Source Vista, Serve Global, Shah, and Living Social)

93. DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-92 of this Answer as though set forth fully herein.

94. DEFENDANTS admit that Plaintiff has made a claim for unfair competition and false designation of origin but deny the remaining allegations contained in this paragraph.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100.  Denied.

101.  Denied.

102. Denied.

103. Denied.


## IX.     SIXTH CLAIM FOR RELIEF

(Federal Trade Dress Infringement)

(15 U.S.C. § 1125(a))

(Against Source Vista, Serve Global, Shah, and LivingSocial)

104.     DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-103 of this Answer as though set forth fully herein.

105.     DEFENDANTS admit that Mophie has made a claim for trade dress infringement but deny the remaining allegations contained in this paragraph.

106.     Denied.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

## X.     <u>SEVENTH CLAIM FOR RELIEF</u>

(California Unfair Competition)

(Against Source Vista, Serve Global, Shah, and LivingSocial)

116.     DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-115 of this Answer as though set forth fully herein.

117.     DEFENDANTS admit that Plaintiff has made a claim for unfair competition but deny the remaining allegations contained in this paragraph.

118.     Denied.

119.     Denied.

120.     Denied.

///

///

///

## XI.  EIGHTH CLAIM FOR RELIEF

(Copyright Infringement)

(Against Source Vista, Serve Global, Shah, and LivingSocial)

121.　　DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-120 of this Answer as though set forth fully herein.

122.　　DEFENDANTS admit that Plaintiff has made a claim for copyright infringement but deny the remaining allegations contained in this paragraph.

123.　　Denied.

124.　　Denied.

125.　　Denied.

126.　　Denied.

127.　　Denied.

128.　　Denied.

129.　　Denied.

130.　　Denied.

131.　　Denied.

## XII.  NINTH CLAIM FOR RELIEF

(Patent Infringement)

(Against Source Vista, Serve Global, Shah, and LivingSocial)

132.　　DEFENDANTS hereby repeat, reallege, and incorporate by reference Paragraphs 1-131 of this Answer as though set forth fully herein.

133.     DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the FOURTH AMENDED COMPLAINT and, on that basis deny the allegations of that paragraph.

134.     DEFENDANTS admit that Plaintiff has made a claim for patent infringement but deny the remaining allegations contained in this paragraph.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

## XIII.     PRAYER FOR RELIEF

DEFENDANTS deny that Plaintiff is entitled to any of the listed or other relief.

## GENERAL DENIALS

Except as otherwise expressly admitted in paragraphs 1-139 above, DEFENDANTS deny each and every allegation contained in paragraphs 1-139 of the FOURTH AMENDED COMPLAINT, including without limitation, the headings contained in the Complaint, and specifically deny liability to Plaintiff, or that Plaintiff has suffered any legally cognizable harm for which DEFENDANTS are responsible.

With respect to all paragraphs in the FOURTH AMENDED COMPLAINT in which Plaintiff prays for costs, attorneys' fees or any other legal or equitable other relief, DEFENDANTS deny that Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

DEFENDANTS assert the following affirmative defenses, without assuming the burden of proof on any such defenses that would otherwise rest with Plaintiff. DEFENDANTS expressly reserve the right to supplement, amend or withdraw any

and or all of the following defenses, as warranted by discovery or other investigation, or for any other reason.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is barred by estoppels from obtaining any relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff is barred by waiver from obtaining any relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred by the doctrine of unclean hands from obtaining relief.

## SIXTH AFFIRMATIVE DEFENSE

### (No Trademark Dilution)

Defendants' use of the mark cannot constitute dilution because Plaintiff's alleged mark is not famous or distinctive.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff is not entitled to recover any as it could have, but failed to, properly and adequately mitigate incurring such damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Trademark Noninfringement)

Defendants' use of mark has not created, and will not create, any likelihood of confusion in the marketplace.

## NINTH AFFIRMATIVE DEFENSE

### (Trademark Invalidity)

Plaintiff's alleged mark is invalid and not untitled to registration.

## TENTH AFFIRMATIVE DEFENSE

### (Copyright Invalidity)

Plaintiff's packaging layout is not entitled to copyright protection and is composed merely of *scenes a faire* information.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Copyright Noninfringement)

Defendants have not infringed Plaintiff's alleged copyrights and Defendants' work is not substantially similar to Plaintiff's purported copyright.

## TWELFTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiff's asserted copyright is unenforceable on account Plaintiff's actions of copyright misuse; including without limitation, Plaintiff's misrepresentations to the Court regarding the contents of the copyrighted work.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Trade Dress Infringement)

Defendants have not infringed on Plaintiff's alleged trade dress as there is no likelihood of confusion in the marketplace.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '235 Patent)

Upon information and belief, Defendants have not infringed and do not infringe, directly or indirectly, any valid claim of the '235 Patent, under any theory including directly, or indirectly, or under the doctrine of equivalents.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '235 Patent)

Upon information and belief, the '235 Patent is invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §§101 *et seq.,* including with limitation §§ 101, 102, 103, and/or 112 thereof. In particular and without limitation, upon information and belief, the '235 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and/or as obvious pursuant to 35 U.S.C. § 103 based upon prior art known to Defendants at this stage in the litigation including but not necessarily limited to known battery cases for mobile devices.


## COUNTERCLAIMS

1. Counter-Claimants Dharmesh Shah a/k/a. David Shah d/b/a Source Vista and Serve Global, LLC ("COUNTER-CLAIMANTS")  complain and allege the following counter-claims against Counter-Defendant mophie, Inc. ("COUNTER-DEFENDANT" or "MOPHIE").

## PARTIES

2. COUNTER-CLAIMANT operates Source Vista and has its principal place of business at 5316 Ambergate Lane, Dallas, Texas 75287.

3. Upon information and belief, COUNTER-DEFENDANT mophie, Inc. is a corporation organized and existing under the laws of the State of California, having a principle place of business at 15101 Red Hill Avenue, Tustin, California 92780.

## JURISDICTION AND VENUE

4.  This court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.  Venue is proper in the Court pursuant to 28 U.S.C. §1391.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '235 Patent)

6.  COUNTER-CLAIMANTS incorporate by reference each of the allegations set forth in Paragraphs 1-5 herein.

7.  This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, U.S.C. An actual and justifiable controversy exists between COUNTER-CLAIMANT and COUNTER DEFENDANT to the validity and enforceability of the '235 Patent, as evidenced, *inter alia*, by the FOURTH AMENDED COMPLAINT and Answer in this action.

8.  The '235 Patent, on information and belief, is invalid and unenforceable for one or more of the reasons alleged above.

9.  A decree by this Court with respect to the validity and enforceability of the '235 Patent, as between COUNTER-CLAIMANTS and COUNTER-DEFENDANT are reasonably calculated to prevent needless litigation in this or other jurisdictions between COUNTER-DEFENDANT and COUNTER-CLAIMANTS and customers of COUNTERCLAIMANTS that use or resell COUNTER-CLAIMANTS' products.

10. Unless COUNTER-DEFENDANTS are permanently enjoined and restrained from asserting the invalid and unenforceable '235 Patent against COUNTER-CLAIMANTS and their customers, COUNTER-CLAIMANTS will suffer immediate, irreparable injury to their goodwill and reputation in the market.

11. The continuing injury to COUNTER-CLAIMANTS arising from COUNTER-DEFENDANTS' unlawful conduct cannot be repaired or compensated by money damages or any remedy at law.

## SECOND COUNTERCLAIM

### (Declaratory judgment for non-infringement of the '235 Patent)

12. COUNTER-CLAIMANTS incorporate by reference each of the allegations set forth in Paragraphs 1-12 herein.

13. This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, U.S.C. An actual and justifiable controversy exists between COUNTER-CLAIMANTS and COUNTER DEFENDANT as to the infringement of the '235 Patent, as evidenced, *inter alia*, by the FOURTH AMENDED COMPLAINT and Answer in this action.

14. The '235 Patent, on information and belief, is not infringed for one or more of the reasons alleged above.

15. A decree by this Court with respect to the non-infringement of the '235  Patent, as between COUNTER-CLAIMANTS and COUNTER DEFENDANT are reasonably calculated to prevent needless litigation in this or other jurisdictions between COUNTER-DEFENDANT and COUNTER-CLAIMANTS and customers of COUNTER-CLAIMANT that use or resell COUNTER-CLAIMANT'S products.

16. Unless COUNTER DEFENDANTS' are permanently enjoined and restrained from asserting its not infringed '235 Patent against COUNTER-CLAIMANTS and its customers, COUNTER-CLAIMANTS will suffer immediate, irreparable injury to its goodwill and reputation in the market.

17. The continuing injury to COUNTER-CLAIMANTS arising from COUNTER-DEFENDANTS' unlawful conduct cannot be repaired or compensated by money damages or any remedy at law.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the Asserted Copyrights)

18. COUNTER-CLAIMANTS incorporate by reference each of the allegations set forth in Paragraphs 1-18.

19. An actual and justifiable controversy exists between COUNTER-CLAIMANTS and COUNTER-DEFENDANT as to whether the Asserted Copyrights are infringed, as evidenced, *inter alia*, by the FOURTH AMENDED COMPLAINT and Answer in this action.

20. Defendants have not, and do not infringe, directly or indirectly, the Asserted Copyrights.

## FOURTH COUNTERCLAIM

### (For Cancellation of the "Juice Pack" Trade Mark)

21. COUNTER-CLAIMANTS incorporate by reference each of the allegations set forth in Paragraphs 1-21.

22. Based on the FOURTH AMENDED COMPLAINT, COUNTER-CLAIMANT'S are informed and believe that, MOPHIE contends that COUNTER-CLAIMANTS products infringe one or more of MOPHIE's purported "JUICE PACK" trademarks.

23.The term "JUICE PACK" is highly diluted and descriptive and has been used for many years in the United States by third parties. Thus, the term "JUICE PACK" is

not entitled to trade mark protection because the "JUICE PACK" mark does not create a distinct commercial impression.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, DEFENDANTS AND COUNTER-CLAIMANTS pray for judgment in their favor and against the Plaintiff as follows:

1. The Fourth Amended Complaint be dismissed in its entirety with prejudice;

2. Plaintiff/Counter-Defendant be required to pay Defendant/Counter-Claimant the costs and fees of this action;

3. Declaring that Defendants/Counter-Claimants have not infringed on the '235 Patent;

4. Declaring that the '235 Patent is invalid;

5. Declaring that Defendants/Counter-Claimants have not infringed on alleged copyrights;

6. Canceling U.S. Trademark Registration No. 4,286,345 as descriptive and lacking secondary meaning, and/or generic

7. For such other relief as the Court deems proper.

Respectfully submitted,

ADLI LAW GROUP P.C.

Dated:  August 25, 2014          By:     _/s/Dariush G. Adli, Esq._
                                         Dariush G. Adli, Esq.
                                         Attorney for Defendants

                                         DHARMESH SHAH a.k.a. DAVID
                                         SHAH d/b/a SOURCE VISTA, SERVE
                                         GLOBAL, LLC

SHAH AND SERVE GLOBAL'S ANSWER TO MOPHIE'S FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## **DEMAND FOR JURY TRIAL**

1. Pursuant to Federal Rule of Civil Procedure 38, DEFENDANTS demand a jury trial of any issues in this action so triable.

Respectfully submitted,

ADLI LAW GROUP P.C.

Dated:  August 25, 2014       By:  */s/Dariush G. Adli, Esq.*
                                              Dariush G. Adli, Esq.
                                              Attorney for Defendants

                                              DHARMESH SHAH a.k.a. DAVID SHAH d/b/a SOURCE VISTA, SERVE GLOBAL, LLC

SHAH AND SERVE GLOBAL'S ANSWER TO MOPHIE'S FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS