Laura A. Wytsma (Cal. Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

Attorneys for Defendant
LivingSocial, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DHARMESH SHAH A.K.A. DAVID SHAH/D/B/A SOURCE VISTA, an individual, and LIVINGSOCIAL, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 8:13-cv-01321-DMG-(JEMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LIVINGSOCIAL, INC.'S MOTION IN LIMINE NO. 3 TO EXCLUDE DECLARATIONS AND TESTIMONY FROM UNTIMELY DISCLOSED INDIVIDUALS**<br><br>**[Relief Sought Pursuant to Fed R. Civ. P. 37, Fed. R. of Evid. 401, 403, and the September 22, 2014 Order]**<br><br>Date: November 25, 2014<br>Time: 2:00 p.m.<br>Ctrm: 7 (Spring Street) |

Plaintiff mophie, Inc. submitted declarations from third-parties Kelly Gray, Steven Neufeld, Bruce Jaffe, Fran Seward, and Tim Starkey (the "Consumer Declarants") in support of its summary judgment motion. mophie's failure to timely identify these declarants before fact discovery closed has prejudiced LivingSocial. LivingSocial thus moves pursuant to Federal Rule of Civil Procedure 37 to preclude the use or mention of testimony from the Consumer Declarants, including their declarations, at trial in this action.

## I. Mophie Failed to Timely Identify the Consumer Declarants.

mophie served its initial disclosures in February 2014. Declaration of Laura A. Wytsma Ex. 1. mophie did not identify the Consumer Declarants as individuals with knowledge likely to have discoverable information that mophie might use to support its claims in this case. Fed. R. Civ. P. 26(a).

Through written discovery requests, LivingSocial sought all facts and documents relating to mophie's allegation that LivingSocial's alleged activities had caused consumer confusion and that consumers recognized mophie's trademarks and trade dress as emanating from mophie. Wytsma Decl. Ex. 3 at Nos. 5, 8, 15; *id.* Ex. 4 at Nos. 2, 3, 14, 18, 27. This required mophie to identify persons with knowledge of such facts. *Id.* Ex. 3 at ¶ 10; *id.* Ex. 4 at ¶ 11. In response, mophie did not identify any of the Consumer Declarants, or produce their declarations.

In fact, mophie did not produce *any* documents when due on July 7, 2014. Wytsma Decl. Ex. 5. Instead, insisting that it could produce documents on a "rolling" basis, mophie continued producing documents through the last day of discovery. Wytsma Decl. ¶ 12; *id.* Exs. 8-11. And still mophie did not produce all relevant documents, as Judge McDermott found. *Id.* ¶ 26 & Ex. 13.

On August 21, 2014, at 5:06 p.m., mophie served amended Rule 26 disclosures identifying 38 new persons, including the Consumer Declarants. Wytsma Decl. Ex. 10. During deposition the next day, defendants attempted to ascertain why

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

mophie had identified these individuals in the amended disclosures. But mophie's counsel stymied those efforts with privilege objections. *Id.* Ex. 12 at 295:4-301:19.

On September 22, 2014, United States Magistrate Judge granted LivingSocial's motion to compel, in part. Noting that mophie was not entitled to "unilaterally continue the applicable due date for production" of documents, the Court ordered that any documents not produced by mophie by August 22, 2014 may not be used at trial in this action. Wytsma Decl. Ex. 13. And yet even after this order, on October 1, 2014, mophie produced over 33,000 pages of documents from a newly discovered hard drive. *Id.* Ex. 20.

On September 22, mophie filed a summary judgment motion, along with declarations from the Consumer Declarants. *Id.* Exs. 14-18. For the reasons discussed below, they should not only be disregarded in considering mophie's summary judgment motion, but also excluded at trial.

### A. Mophie Cannot Offer Any Substantial Justification for Its Failure.

A party must supplement its initial disclosures or discovery responses when it learns that they are incomplete, unless the information has already been made known to the other side through discovery. Fed. R. Civ. P. 26(e)(1)(A). The supplementation must be made "*in a timely manner.*" *Id.* (emphasis added).

Otherwise, if a party fails to provide information or identify a witness in its disclosures or discovery responses, including any timely supplementations, it may not rely on the information or witness unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 323-24 (C.D. Cal. 2004) (plaintiff could not rely on unidentified witness to "raise a triable issue of fact defeating summary judgment"). The burden is on the party facing exclusion sanctions to prove substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

3

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

### 1. Mophie Did Not Timely Disclose the Consumer Declarants.

Unlike LivingSocial's four summary judgment declarants who were identified in initial disclosures, actually deposed, and/or identified in documents produced by LivingSocial before its witnesses were deposed, the Consumer Declarants were never identified by mophie as persons with knowledge of alleged consumer confusion prior to August 21, 2014.[1] But they were known to have such knowledge before then.

If mophie obtained a signed declaration from Mr. Jaffe on August 12, 2014, (Wytsma Decl. Ex. 15), then clearly mophie communicated with him even sooner. But mophie did not "timely" identify Mr. Jaffe or any other Consumer Declarant. Instead, it waited until the day before discovery closed—when it was too late to notice their depositions—to identify the witnesses and then waited weeks longer to produce their declarations. *Id.* Exs. 10, 14-18.

### 2. Mophie's Failure Is Not Substantially Justified.

mophie will no doubt claim that a work product privilege justifies its untimely disclosure, just as it asserted a work product privilege to preclude deposition testimony from mophie's 30(b)(6) witness. Wytsma Decl. Ex. 12 at 295:4-301:19. But the work product doctrine does not shield the *identity* of relevant witnesses who parties expect to rely upon to support their claims. Fed. R. Civ. P. 26 (a); *see also In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D. Cal. 2007) (identities of confidential witnesses not privileged, especially where the identity would be disclosed through the course of the litigation). Nor does it shield the *fact* that a declarant has signed a declaration, even if the declaration itself arguably remains protected work product.

---

[1] Although the Consumer Declarants were referenced in a mophie document produced before discovery closed, the inclusion of their names in an approximately 7,000 page document production was not sufficient notice to LivingSocial. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010) ("the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

### 3. Mophie's Failure to Disclose Is Not Harmless; LivingSocial Will Suffer Prejudice from Mophie's Belated Disclosure.

The Ninth Circuit considers several factors in determining whether non-disclosure is harmless, including prejudice or surprise to the party against whom the evidence is offered and the ability of that party to cure the prejudice. *See Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). It is mophie's burden to prove harmlessness. *See Yeti by Molly*, 259 F.3d at 1107. However, it cannot do so. mophie's untimely disclosure of the Consumer Declarants has significantly prejudiced LivingSocial. And now that fact discovery has closed and trial is merely two months away, LivingSocial has no way to cure the prejudice.

Because mophie did not timely identify the consumer declarants or produce their declarations, LivingSocial was unable to subpoena these witnesses to ask any questions concerning their purported confusion.

For example, LivingSocial could not ask Fran Seward of Memphis, Tennessee, Kelly Gray of Montclair, New Jersey, or Tim Starkey of Bonny Lake, Washington, what features of the product packaging for Source Vista battery cases caused them to believe they purchased a "mophie product." Wytsma Decl. Ex. 14 ¶ 2, *id.* Ex. 16 ¶ 2, *id.* Ex. 18 ¶ 2.

Nor could LivingSocial ask Brian Jaffe in Merrick, New York, why or how or when he knew that Juice Pack "is a mophie trademark." Wytsma Decl. Ex. 15 ¶ 2. Nor could it ask Steven Neufeld of Washington, D.C. how he could see a LED light pattern on the product shown in the LivingSocial promotion (*id.* Ex. 17 ¶ 2) when the LivingSocial promotion did not depict the back of the battery case where the LED light pattern is located. *Id.* Ex. 19.

Nor could LivingSocial ask any of the Consumer Declarants how they could possibly have been confused by product packaging at the time they purportedly purchased a battery case from LivingSocial's website, when the website did not display any product packaging. *Id.*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

Nor could it ask any of these declarants questions concerning their background with the claimed marks, probe their credibility, or identify communications with or compensation or benefits from mophie that may have influenced their testimony.

At this point, with discovery closed, trial just two months away and summary judgment motions already filed, LivingSocial cannot fly around the country to ask five third-party witnesses about information missing in their declarations. Nor can it subpoena the five declarants—who all live outside California—to testify at trial. The inability to depose witnesses is precisely the type of prejudice that warrants exclusion. *See Holak v. Kmart Corp.*, 2014 U.S. Dist. LEXIS 78472, at *23 (E.D. Cal. June 5, 2014) (finding delay not harmless where party waited until the last day of discovery to disclose witnesses, depriving party opportunity to depose witnesses).

**B. Rule 37 Requires the Exclusion of the Consumer Declarants at Trial.**

Rule 37(c) of the Federal Rules of Civil Procedure "'gives teeth to [disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1106). Rule 37(c) specifies the penalty for failing to comply with Rule 26(a): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37(c) is an automatic sanction in the event a party fails to comply with the requirements in Rule 26(a). *See Yeti by Molly*, 259 F.3d at 1106 (noting Rule 37 is a "self-executing," "automatic" sanction). Because mophie did not timely disclose the Consumer Declarants, and because this failure was not substantially justified nor harmless, mophie should be precluded from using the Consumer Declarants at trial.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

6

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

## II. The Consumer Declarations Are Inadmissible, Irrelevant Hearsay.

Even if not stricken under Rule 37, the Consumer Declarations are inadmissible for several reasons.

First, all of the Consumer Declarations are inadmissible out-of-court hearsay statements. *See L.A. News Serv. v. CBS Broad., Inc*., 305 F.3d 924, 942 (9th Cir. 2002) (statements introduced to prove the truth of the matter asserted are hearsay). *See also Avery Dennison Corp. v. Acco Brands, Inc.,* 1999 U.S. Dist. LEXIS 21464 at *53 (C.D. Cal. Oct. 12, 1999) (finding hearsay declarations of alleged confusion inadmissible); *Fierberg v. Hyundai Motor Am.*, 1997 U.S. Dist. LEXIS 22453, at *4-5 (C.D. Cal. Aug. 18. 1997) (sustaining objections to "double hearsay letters . . . solicited by Plaintiff for purposes of this litigation" as evidence of actual confusion).

Second, none of the Consumer Declarations provide an adequate foundation, such as the actual date of purchase, or any documents substantiating the purchase of a Source Vista iPhone 5 charger case. All contain a second layer of inadmissible hearsay concerning undated communications with unnamed representatives of mophie. And none contain sufficient foundation or detail to identify the source of their purported confusion. Thus, whether or not stricken under Rule 37, they should not be considered in addressing mophie's summary judgment motion.

Third, the declarations are inadmissible because they are not relevant. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.") The Consumer Declarants do not explain what caused their purported confusion regarding the accused product. *See Avery Dennison*, 1999 U.S. Dist. LEXIS 21464, at *55 (noting "confusion must relate to the similarity of the trade dresses" but hearsay statements did "not contain any basis for the confusion"); *Fierberg,* 1997 U.S. Dist. LEXIS 22453, at *5 (noting source of confusion in hearsay letters was unclear).

The declarations do not and cannot establish that any consumers were confused regarding the "Juice Pack Plus" mark. This is clear from the fact that the declarants all claim that they were confused at the time they purchased the Source

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

7

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

Vista charger cases on LivingSocial's website. But LivingSocial's website did not display the "Juice Pack Plus" mark. Wytsma Decl. Ex. 19. So whatever allegedly confused the declarants could not have been the asserted mark.

## CONCLUSION

Because the Consumer Declarants were not timely identified, and their declarations are inadmissible, irrelevant hearsay, LivingSocial respectfully requests that the Court preclude mophie from using or mentioning testimony from any Consumer Declarant at trial.

Dated: October 7, 2014          Respectfully submitted,

By:   /s/ Laura A. Wytsma
      Laura A. Wytsma
      Attorneys for Defendant
      LIVINGSOCIAL, INC.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

8

MOTION IN LIMINE NO. 3 TO EXCLUDE
DECLARATIONS AND TESTIMONY FROM
UNTIMELY DISCLOSED INDIVIDUALS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing and/or electronic mail on October 7, 2014.

By: /s/ Laura A. Wytsma
Laura A. Wytsma