UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 13-1321-DMG (JEMx) | Date | November 21, 2014 |
|---|---|---|---|

| Title | *mophie, Inc. v. Dharmesh Shah, et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. ## 314, 317]**

This matter is before the Court on Plaintiff mophie's motion for reconsideration of the Court's Summary Judgment Order issued on November 12, 2014, and its *ex parte* application to shorten time for a hearing on the motion for reconsideration. [Doc. ## 314, 317.] In particular, mophie seeks reconsideration of the Court's Order finding the asserted claims of the '235 Patent invalid for indefiniteness under 35 U.S.C. § 112. [Doc. # 314.] Having duly considered the written submissions, the Court **DENIES** both the *ex parte* application to shorten time and the motion for reconsideration.

The Court also hereby continues all hearings on motions *in limine* and related motions currently noticed for November 25, 2014 to December 2, 2014 at 4:00 p.m. [Doc. ## 198, 199, 200, 201, 204, 205, 207, 209, 211, 212, 214, 216, 217, 298, 299, 300, 301, 302, 303, 304.]

In light of the Court's dismissal of defendant Living Social from the action, and remaining defendants Source Vista and David Shah's requests for joinder in several of Living Social's motions *in limine*, the remaining defendants shall designate which of the motions *in limine* they wish to pursue by Monday, November 24, 2014. Per the Court's Case Management Order issued on February 6, 2014, all parties are limited to four motions *in limine*, not including any *in limine* motion which seeks an exclusionary sanction under Rule 37(c)(1) of the Federal Rules of Civil Procedure and (2) any *in limine* motion which invokes the Court's power to exclude or limit expert testimony. [Doc. # 33.]

A.   **Legal Standards Governing Motions for Reconsideration**

Under Federal Rule of Civil Procedure 59(e), a party may move to have the Court amend its judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1321-DMG (JEMx) | Date | November 21, 2014 |
| Title | *mophie, Inc. v. Dharmesh Shah, et al.* | Page | 2 of 5 |

motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 60(b) also provides that a court may relieve a party from any prior order or decision for a number of reasons including, but not limited to:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; and (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6).

Local Rule 7-18 limits reconsideration, however, to three enumerated grounds:  "(a) a material difference in fact or law from that presented to the court before the decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision, or (b) the emergence of new material facts or a change of law occurring after the time of the decision, or (c) a manifest showing of a failure to consider material facts presented to the court before the decision." C.D. Cal. L. R. 7-18.  In addition, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

### B.     mophie's Motion for Reconsideration

mophie requests reconsideration on the grounds that (1) the U.S. Patent and Trademark Office ("PTO") allowed the claims of the '351 patent after the briefing and hearing on the summary judgment motions, meaning the PTO has deemed the related patent definite; (2) the Court erred as a matter of law in concluding that an ambiguity in the prosecution history alone can "create" an indefiniteness in a patent claim; and (3) the Court manifestly overlooked material facts presented to the Court before the decision.  The Court addresses each of these claims below.

#### 1.  PTO Decision

As noted in the summary judgment order, the PTO's determinations are not binding on this Court, but are entitled to respectful consideration. *Lahoti v. Verichek*, 636 F.3d 501, 506 n. 1 (9th Cir. 2011); *Carefree Trading, Inc. v. Life Corp.*, 83 F. Supp. 2d 1111, 1114 (D. Ariz. 2000) *vacated and remanded on other grounds*, 19 F. App's 841 (Fed. Cir. 2001) (judicial review of decisions from the Patent Office less deferential than "clearly erroneous" standard); *Calmese v. McNamer*, No. 3:13-CV-01042-HU, 2014 Wl 1796680, at *2 (D. Or. May 6, 2014) ("Generally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1321-DMG (JEMx) | Date | November 21, 2014 |
| Title | *mophie, Inc. v. Dharmesh Shah, et al.* | Page | 3 of 5 |

decsions of the PTO are not binding on the Court, but are entitled to consideration by the Court.") (internal citations and quotations omitted).

Just as the Court was not bound by the PTO's 2011 affirmation of Dr. Nunally's declaration that the term "back plane" (two words) was known to one skilled in the art to be "a circuit board containing sockets into which other circuit boards can be plugged," the Court is not now bound, or convinced, by the PTO's determination that the '351 patent is definite. McPherson Decl., Ex. C ("Detailed Action") at ¶ 3; Nunally Declaration at ¶ 35. The new fact that the PTO has granted the '351 application does not alter the Court's judgment based on its own assessment that the '235 patent is indefinite.

### 2. Failure to Consider Material Facts and Alleged Error of Law

mophie asserts that the Court has made an error of law and failed to consider material facts. mophie repeats several of its arguments made in support of the original motion, which it is expressly forbidden to do.

mophie asserts that the Court concluded that "an ambiguity in the prosecution history alone can **create** indefiniteness in a patent claim." mophie, inc.'s Memorandum of Points and Authorities in Support of its Motion for Reconsideration ("Mot. Reconsideration") at 1-2. [Doc. # 315.] mophie also asserts that the Court overlooks the '235 Patent specification and prosecution history. *Id*. at 10. mophie misconstrues the Court's findings. The Court considered the patent's claim language, specifications and figures,[1] both general and technical dictionaries, the testimony of several experts qualified as people of ordinary skill in the relevant art, and the patent prosecution history of the patent at issue and a related patent with *identical* terms and specifications. The Court did not find an ambiguity in the patent based on the prosecution history *alone*, but in the context of all considerations relevant to construing the patent.

Moreover, Plaintiff provides no support for its assertion that an ambiguity in the prosecution history cannot give rise to indefiniteness in a patent. It is well-settled law that, while the claims of a patent define the invention, where those claims are not unambiguous in context,

---

[1] The Court notes that "specification and drawings of the patent [are] merely illustrative and explanatory of what is in the claim." *Moore v. United States*, 50 Ct. Cl. 120, 122 (1915*); see also MBO Laboratories, Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333, 81 U.S.P.Q.2d 1661, 1668 (Fed. Cir. 2007) ("patent coverage is not necessarily limited to inventions that look like the ones in the figures"); *Playtex Products, Inc. v. Procter & Gamble Co.*, 400 F.3d 901, 907–08, 73 U.S.P.Q.2d 2010 (Fed. Cir. 2005) (declining to limit claim term "substantially flattened surfaces" to surfaces that were flat even though the drawings only showed a flat surface, finding that "[t]he drawings do not compel a contrary result.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1321-DMG (JEMx) | Date | November 21, 2014 |
| Title | *mophie, Inc. v. Dharmesh Shah, et al.* | Page | 4 of 5 |

the Court may and should look to the patent's prosecution history.[2] Here, the prosecution history of both patents merely bolstered the Court's determination that the term "back plane" may mean different things in different contexts and is sometimes used as a technical term of art, as also supported by the dictionaries consulted and the testimony of experts from both parties.

mophie also asserts that the Court ignored statements from Defendants' expert, Dr. Munson, that mophie cited in support of the original motion. Again, mophie repeats arguments expounded upon in its papers in support the original motion, as expressly prohibited by the local rules. The Court considered the entirety of the statements made by Dr. Munson and other experts at the time of its original ruling.

Dr. Munson's opinion that the circuit board meaning of back plane "was not the definition intended by the inventors" is not conclusive or particularly compelling regarding the proper construction of the claim terms given the entire record, including the specifications, drawings, prosecution history, and Dr. Nunally's contradictory declaration. The inventor's subjective intention is not the standard for the proper construction of a patent, but merely a factor in determining what a person of ordinary skill in the art would have understood the claim terms to mean at the time, a subject on which Dr. Munson is qualified to opine. Courts consider patent prosecution history in part to determine whether "the inventor limited the invention in the course of the prosecution." *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1172 (N.D. Cal. 2010). This statement and Dr. Munson's statement that the construction of "back plane" as a circuit board would be "inoperable from the standpoint that I've not observed anybody try to do that" (Munson Tr. at 41) merely bolster the conclusion that the patent is confusing to one of ordinary skill in the relevant art. mophie still has not proffered any reasonable explanation for

---

[2] "[C]ourts also should consider the patent's prosecution history, which can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution. *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1172 (N.D. Cal. 2010); *see also Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1374 (Fed. Cir. 2014) ("In addition to consulting the specification, we may also consider the prosecution history and any relevant extrinsic evidence."). Moreover, "the prosecution history of one patent is relevant to an understanding of the scope of a common term in a second patent stemming from the same parent application." *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1349 (Fed. Cir. 2004); *see also Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1460 n. 2 (Fed.Cir.1998) (applying the prosecution histories of two sibling patents, which shared a common written description, to one another); *Capital Mach. Co. v. Miller Veneers, Inc.*, 524 Fed. Appx. 644, 649 (Fed. Cir. 2013). "Any statement of the patentee in the prosecution of a related application as to the scope of the invention [is] relevant to claim construction, and the relevance of the statement made . . . is enhanced by the fact that it [is] made in an official proceeding in which the patentee [has] every incentive to exercise care in characterizing the scope of its invention." *Microsoft*, 357 F.3d at 1350.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 13-1321-DMG (JEMx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | *mophie, Inc. v. Dharmesh Shah, et al.* | Page | 5 of 5 |

why "back plane" (two words) could mean "circuit board" in the context of the identical terms and specifications of the '351 patent but that the same interpretation is "inoperable," "nonsensical," or "unambiguous" in the context of the *identical* specifications and drawings of the '235 patent.

**C.      Conclusion**

In light of the foregoing, mophie's Motion for Reconsideration is **DENIED** on all grounds. The *ex parte* application to shorten time for a hearing on the reconsideration motion is also DENIED. The Source Vista and Shah defendants shall file a notice designating which motions *in limine* they wish to pursue by no later than **November 24, 2014**.

**IT IS SO ORDERED**.