Dariush G. Adli, State Bar No. 204959
adli@adlilaw.com
Drew H. Sherman, State Bar No. 273045
drew.sherman@adlilaw.com
**ADLI LAW GROUP P.C.**
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile:  213-623-6554

Attorney for Defendants,

DHARMESH SHAH a/k/a DAVID SHAH d/b/a/A SOURCE VISTA, and SERVE GLOBAL, LLC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MOPHIE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DHARMESH SHAH A.K.A. DAVID SHAH D/B/A SOURCE VISTA, an individual; LIVINGSOCIAL, INC., a Delaware corporation; and SERVE GLOBAL, LLC, a Texas limited liability company D/B/A SOURCEVISTA.COM,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV 13-01321 DMG (JEMx)<br><br>(Assigned to the Hon. Dolly M. Gee)<br><br>**DEFENDANTS DHARMESH SHAH AND SERVE GLOBAL, LLC'S TRIAL BRIEF**<br><br>TRIAL DATE:  December 16, 2014 |

**DEFENDANTS' TRIAL BRIEF**

Defendants Dharmesh Shah a/k/a David Shah d/b/a Source Vista and Serve Global, LLC d/b/a sourcevista.com (collectively "Defendants") submit the following Trial Brief.

## INTRODUCTION

Plaintiff mophie Inc. ("Plaintiff") filed suit on August 26, 2013, against Defendants Dharmesh Shah and Source Vista ("Defendants"). Defendant LivingSocial prevailed on summary judgment as to all claims against it and is no longer a party in this case. Plaintiff's initial Complaint alleged causes of action for Federal Trademark Infringement, Federal Unfair Competition, Federal Trade Dress Infringement, Federal Trademark Dilution, Infringement of Unregistered Trademarks under California Common Law, California Unfair Competition, and Patent Infringement.

On November 12, 2014, the Court ruled on the parties' Motions for Summary Judgment. The Court ruled in favor of LivingSocial as to all claims against it. The Court also found Defendants infringed on certain copyrights and one trademark owned by Plaintiff. The Court ruled in favor of Defendants on the Patent Infringement claim and invalidated the mophie's patent, U.S. Patent No. 8,367,235 ("'235 patent"). The case now proceeds on the following issues:

1. Plaintiff's damages resulting from Defendants' Copyright Infringement.

2. Plaintiff's damages as a result of Defendants' Trademark Infringement of the "Juice Pack Plus" trademark.

3. Plaintiff's claims for Trademark Infringement of the "Juice Pack" and "Juice Pack Pro" trademarks.

4. Plaintiff's claims for Trademark Infringement of the unregistered 4:11 Lock Screen and Circular Pattern trademarks.

5. Plaintiff's claims for Trademark Dilution of the "Juice Pack Plus," "Juice Pack Pro," and "Juice Pack" trademarks.

6. Plaintiff's claims for Trademark Infringement of the "Juice Pack Plus,"

"Juice Pack Pro," and "Juice Pack," and unregistered 4:11 Lock Screen and Circular Pattern trademarks.

7. Plaintiff's claims for Trade Dress Infringement of the Flap Box trade dress.

8. Plaintiff's claims for Unfair Competition in violation of California common law and Business and Professions Code §17200.

## BRIEF SUMMARY OF CASE

Plaintiff's case arises from Defendants' sale of 800 battery pack cases. Defendants sold its battery pack cases on the LivingSocial website for approximately $20 each. Plaintiff's battery packs sell for $100-120 each.

The Court ruled Defendants' products came in packaging similar to Plaintiff's and contained similar user manuals thereby infringing on Plaintiff's copyrights. The Court also ruled that Defendants' infringed on Plaintiff's trademark rights to the terms "Juice Pack Plus," since Defendants' products were labeled "Juice Pack Plus."

Plaintiff also claims Defendants infringed on its "Juice Pack" and "Juice Pack Pro" trademarks. In addition, Plaintiff claims Defendants infringed on two unregistered trademarks: 4:11 Lock Screen (a picture of the front of an iPhone bearing the time 4:11 pm) and its Circular Pattern (a group of lights on the battery pack which indicate the power level of the phone/battery pack remaining).

## PLAINTIFF'S CLAIMS

**A.  Plaintiff Cannot Show Trademark Infringement Of Juice Pack, Juice Pack Plus, And Juice Pack Pro Marks In Violation Of 15 U.S.C. §1114.**

In order to prove Defendants infringed Plaintiff's registered trademarks, Plaintiff must show: 1) each asserted trademark is valid and protectable; 2) Plaintiff owns the mark as a trademark; and 3) Defendants used the trademark without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation or approval of the

goods. *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 (9th Cir. 1999). In order to recover damages, Plaintiff must prove by a preponderance of the evidence that Defendants had actual or constructive notice of the plaintiff's trademark registration. 15 U.S.C. §1111.

The Court found Defendants' infringed the "Juice Pack Plus" mark. While Defendants may have used that mark, they never once used the "Juice Pack" or "Juice Pack Pro" marks on any of the packaging of the sold products. Since each registered mark is distinct from one another, Defendants cannot be held liable for marks they did not use.

As for the infringement of the "Juice Pack Plus" mark, Plaintiff cannot show that it is entitled to damages. As the Court noted in the Summary Judgment Order, there is a dispute as to when mophie affixed the registration mark on its products or packaging. Plaintiff did not affix the mark until after the allegedly infringing sales had been made. Moreover, Defendants had no awareness of mophie or its products until they were served with the lawsuit. Furthermore, consumers purchased Defendants' products online based on a generic description and without ever seeing the alleged trademarks. In the absence of knowledge of mophie or its products, there can be no reasonable basis for assuming Defendants had notice of the trademark registrations. Without notice, Plaintiff cannot recover any damages.

**B.   Plaintiff Cannot Prove Trademark Infringement Of The Unregistered 4:11 Lock Screen And Circular Pattern Marks In Violation Of 15 U.S.C. §1125(A).**

In order to prove Defendants infringed Plaintiff's unregistered marks, Plaintiff must show: 1) the unregistered trademark is inherently distinctive or is descriptive but has acquired a secondary meaning; 2)   Plaintiff owns the mark as a trademark that signifies to consumers a particular source of goods; and 3) Defendants used a mark identical or similar to Plaintiff's mark without Plaintiff's

consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 (9th Cir. 1999). Again, Plaintiff must prove Defendants had actual or constructive notice of the plaintiff's claim of trademark ownership in the unregistered marks.

Plaintiff cannot prove any of these elements. The 4:11 Lock Screen is not distinctive or descriptive in any way and there is no evidence that it has acquired secondary meaning. It is simply a date and time on the picture of a phone. . One can agree that a product with a picture of a Nike Swoosh is so predominant in the marketplace that consumers would more than likely consider that product as a Nike product. However, Plaintiff has offered no evidence that consumers would associate a product containing a time stamp of 4:11 with a mophie. Similarly, there are many, many products which bear a circular pattern to indicate power level on the product, for e.g., as indicator of power level . . As to the last element, since there is no reason to believe consumers would relate these unregistered trademarks to mophie, there is no reason to assume Defendants used the 4:11 Lock Screen or Circular Pattern to trade off of mophie's name. In fact, consumers who purchased the allegedly infringing products did so based on a generic description of the produt and without any reference or depiction of any of the alleged marks. As such, consumers did not base their purchase decision on the alleged marks. Furthermore, Defendants were never on notice of the unregistered trademarks which would preclude Plaintiff from recovering damages.

**C.  Plaintiff Cannot Prove Trademark Dilution Of The "Juice Pack," "Juice Pack Plus," And "Juice Pack Pro" Trademarks In Violation Of 15 U.S.C. §1125(C).**

In order to prove Defendants diluted Plaintiff's trademarks, Plaintiff must prove: 1) Plaintiff's trademark is famous; 2) the famous mark is distinctive; 3)

Defendants are making or have made use in commerce of an identical or nearly identical trademark; 4) Defendants' use began after Plaintiff's mark became famous; and 5) use of Defendants' alleged mark is likely to cause dilution by blurring or tarnishment of Plaintiff's mark. 15 U.S.C. §1125. Additionally, Plaintiff must prove Defendants' willfulness in order to recover damages.

Defendants have never used the "Juice Pack" or "Juice Pack Pro" trademarks. The Court only found that Defendants have used "Juice Pack Plus." Furthermore, none of Plaintiff's marks are famous. Famous marks, such as– Nike Swoosh, Coca-Cola script, BMW logo, etc. are household names, which is clearly not the case here. Defendants were also never aware of mophie or its products.

**D. Plaintiff Cannot Prove Infringement Of The "Juice Pack," "Juice Pack Plus," "Juice Pack Pro," Circular Pattern, And 4:11 Lock Screen In Violation Of California Common Law.**

To prove trademark infringement under California common law, Plaintiff must show: 1) Plaintiff's prior and continuous use of the trademark in such a way that a secondary meaning is acquired; 2) Defendants' use of a mark that is likely to cause confusion; and 3) a likelihood of confusion in the minds of the public of Defendants' business as that of, or as one affiliated with, Plaintiff's. *American Petrofina v. Petrofina of California, Inc.*, 596 F.2d 896, 897 (9th Cir. 1979).

Defendants' use of the alleged marks did not cause consumers to confuse Defendants' products with mophie's. In fact, consumers who purchased the allegedly infringing products did so based on a generic description of the produt and without any reference or depiction of any of the alleged marks. As such, consumers did not base their purchase decision on the alleged marks. Defendants were never aware of mophie, its marks or even its battery case products. Therefore, Defendants were not using any alleged marks in order to trade off of Plaintiff's name.

**E. Plaintiff Cannot Prove Infringement Of The Flap Box Trade Dress In Violation Of 15 U.S.C. §1125(A).**

In order to prove Defendants' infringed Plaintiff's Trade Dress, Plaintiff must show 1) Plaintiff's trade dress is inherently distinctive or descriptive but has acquired a secondary meaning; 2) Plaintiff owns the trade dress; 3) the trade dress is not functional; and 4) Defendants used a product packaging design for its battery case that is similar to Plaintiff's Flap Box packaging design without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the parties' goods. *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 808 (9th Cir. 2003).

Similar to its Trademark claims, in order to recover damages, Plaintiff must prove Defendants used the trade dress to deceive ordinary consumers and created a false designation of origin of the good; and that Defendants had actual or constructive notice of the Plaintiff's claim of trade dress registration.

Simply because Plaintiff has a flap on its box does not allow Plaintiff the exclusive right to use a flap on a box. The only purpose for using a flap was for retail consumers to have ease of access to see the actual product in the box. Defendants sold their products online. As pointed out, consumers purchased Defendants' products online and without ever seeing the flap box until the product was delivered. In fact, Plaintiff sells its products in boxes which have the flap and also boxes without the flap.

**F. Plaintiff Cannot Prove Unlawful, Unfair, Or Fraudulent Unfair Competition In Violation Of California Business & Professions Code §17200 Or California Common Law.**

To prove unfair competition, Plaintiff must show that Defendants engaged in unlawful, unfair, or fraudulent business practices. *Cal. Bus. & Prof. Code §17200*.

1  Plaintiff cannot prove any of its claims against Defendants, and
2  consequently, cannot show Defendants violated Business and Professions Code
3  17200. Even if Plaintiff shows unlawful business practices, Plaintiff would only
4  be entitled to restitution. Plaintiff cannot show that consumers would have
5  purchased Plaintiff's products if Defendants' products did not bear Plaintiff's
6  trademarks. Consumers were seeking a discount on battery packs and purchased
7  Defendants' products for $20. If Defendants' products had a different name, such
8  as "Battery Pack Max" or had different packaging such as a simple box without a
9  flap and in different font, there is no reason to believe consumers would have
10 instead paid approximately $100 instead of $20.

**G. Plaintiff Cannot Prove Damages For Infringement Of Copyright Registrations For Product Packaging And Inserts In Violation Of U.S. Copyright Act, 17 U.S.C. §501, Et Seq.**

While the Court has already ruled Defendants infringed on Plaintiff's copyrights alleged in this case, Plaintiff must still prove damages "as a result of the infringement." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). Simply because Defendants copied the same font on Plaintiff's products and used a similar user manual, does not go to show that consumers would have purchased Plaintiff's products rather than Defendants. As already shown, consumers of Defendants' discounted products did not purchase Defendants' products instead of Plaintiffs simply because of the packaging of the box and because of a user manual contained inside the box. As noted, consumers who purchased the allegedly infringing products did so based on a generic description of the prodcut and without any reference or depiction of any of the alleged marks. As such, consumers did not base their purchase decision on the alleged marks. Therefore, all of Defendants' consumers purchased their products online and did not base their purchase on the product's packaging and had no idea what the user manual looked like. No consumer would pay 5 times more for a

product, simply because a product had a different user manual.

### H.  Plaintiff Cannot Prove Any Damages For Any Of Its Claims.

Notwithstanding the fact Plaintiff cannot prove any of its claims, much less any right to recovery of damages, Plaintiff simply cannot show damages. Defendants sold approximately 800 units at $20 each.  Defendants' gross revenue would be approximately $16,000.  This is before Defendants' costs and expenses are taken into consideration.  Defendants simply made no more than a few thousand after all costs and expenses.  In a perfect world, if Plaintiff sold 800 units at approximately $100 each, Plaintiff's gross revenue would be around $80,000. This is before costs and expenses.  Yet, Plaintiff is claiming damages exceeding $2,000,000.  This is number has no basis in fact, law or logic.  It is not reasonable to believe that Plaintiff suffered $2,00,000 in damages, based on the sale of 800 units which were labeled "Juice Pack Plus," had Plaintiff's "special" user manual, and came in a box with a flap.  There are simply no damages for Plaintiff to recover.

Respectfully submitted,

Dated: December 9, 2014

By: /s/ Dariush G. Adli
Dariush G. Adli

Attorney for Defendants
DHARMESH SHAH a.k.a.
DAVID SHAH d/b/a SOURCE VISTA,
and SERVE GLOBAL, LLC D/B/A
SOURCEVISTA.COM